194 So. 673

**DAKE v. INGLIS.**

**8 Div. 971.**

Supreme Court of Alabama.

March 14, 1940.

Foster & Hagan, of Scottsboro, for appellee.

Proctor & Snodgrass, of Scottsboro, for appellant.

**BROWN, Justice.**

The bill was filed by the appellee under the provisions of Article 1, Chapter 336, section 9905 et seq., of the Code to quiet the title to one hundred and sixty acres of land, situated in Jackson County, Alabama, as between the complainant and the persons named and made parties defendant to the bill.

It contains the statutory averments that the complainant is in the peaceable possession of the land claiming to own the same in her own right; that the said defendants "are claiming some right, title or interest in and to said lands, the exact nature of said claim is unknown to the Complainant, but the same casts a cloud upon Complainant's title;" that there is no suit pending in which the title may be determined, and calls upon them "to set forth and specify their title, claim, interest or incumbrances, and how and by what instrument or instruments the same was or were derived or created." Code 1923, §§ 9905, 9906.

The purpose of the proceeding is not to invest the court with jurisdiction to sell or dispose of the title to the land, but merely to determine and settle the same as between the complainant and the defendants. Code 1923, § 9908; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Venable v. Turner, 236 Ala. 483, 183 So. 644.

Therefore, the fact that there are others who might assert claims to the property, who are not made parties, is not an obstacle to proceeding to a final decree settling the title as between the parties to the bill. The decree is only conclusive against such as are made parties and their privies. Grayson v. Muckleroy, supra.

The complainant asserts title to the property as the widow of D. A. Inglis, who died in Jackson County, Alabama, in August, 1900, while in actual possession of the land occupying the same with his wife, the complainant, as a homestead. The bill alleges that at that time the property did not exceed in value, Two Thousand Dollars, nor in area one hundred and sixty acres, and that it was all the real estate owned by the said Inglis.

Some of the defendants claim as the collateral heirs—brothers and sisters of said Inglis—and the defendant Dake claims as purchaser from others, and seeks to set up as an estoppel against the complainant a proceeding in the Probate Court instituted by the complainant in May, 1925, seeking to have the property here involved set aside to her as exempt from administration and the payment of debts, which did not go to final decree, but was withdrawn by the petitioner in said proceeding.

It is settled that the statutory provisions with reference to homestead exemptions in force at the death of the husband, govern and determine the rights of his widow as exemptioner.

Under the statute in force at the time of D. A. Inglis' death, August, 1900, property actually occupied and used as a homestead, which did not exceed in area or value such homestead exempt to the widow, if it was all the real estate owned by the decedent, the title vested in the exemptioner without the necessity of judicial allotment. Headen v. Headen et al., 171 Ala. 521, 54 So. 646; Quinn v. Campbell, Adm'r, 126 Ala. 280, 28 So. 676; Faircloth et al. v. Carroll et al., 137 Ala. 243, 34 So. 182; Jackson et al. v. Wilson, 117 Ala. 432, 23 So. 521; Ratliff et al. v. Ratliff et al., 234 Ala. 320, 175 So. 259.

The statute, Code 1896, § 2071, was rewritten as brought into the Code of 1907, changing this rule in respect to the heirs of the decedent. See Note Code Commissioner, Code 1907, § 4198.

While there is some testimony tending to show that the property in question was of value more than $2,000, the weight of the evidence clearly sustains the conclusion of the circuit court expressed in the decree, that the property did not exceed in area or value the amount exempt to the widow, and that it was all the real estate owned by Inglis at the time of his death. Applying the applicable law, stated above, the title vested in the widow at the death of her husband, and a proceeding to set

the same aside as exempt was wholly useless.

 As respects the alleged estoppel it is only necessary to observe that the jurisdiction conferred on the Probate Court to set aside exemptions to the widow in the absence of administration was and is statutory and limited, and the withdrawal of the proceeding left the court without jurisdiction to determine the right of the exemption. It is only where the court proceeds to final decree in accordance with the provisions of the statute that its judgments and decrees are unimpeachable. Venable v. Turner, supra.

The order pleaded as estoppel in so far as it undertook to fix and determine the rights of the exemptioner is void, and as an agreement it is a nude pact. Richter et al. v. Richter, 180 Ala. 218, 60 So. 880; Crownover et al. v. Crownover, 216 Ala. 286, 113 So. 42.

The record and proceeding of the circuit court are in all things regular and free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.