9 So.2d 754
### PATTERSON et al. v. MURPHY.
### 5 Div. 354.

Supreme Court of Alabama.

June 18, 1942.

Rehearing Denied Oct. 8, 1942.

J. A. Lipscomb and Theo. J. Lamar, both of Bessemer, for appellants.

Reynolds & Reynolds, of Clanton, for appellee.

BOULDIN, Justice.

The appeal is from a decree setting apart a homestead of appellee as surviving widow of J. W. Patterson, deceased, pursuant to § 7948, Code of 1923, now § 694, Title 7, Code of 1940.

The petition set forth all the jurisdictional facts, which, when adjudicated, vests the fee simple title in the widow.

The commissioners valued the lands, 102 acres, at $1,800. Exceptions filed by the children, heirs at law of decedent, challenged this valuation, and asserted the property exceeded $2,000 in value in 1930, the time of decedent's death.

This was the main issue of fact on the hearing. Dealing with the question as presented in the record here, we have grave doubts of the correctness of the trial court's finding that the value of the property did not exceed $2,000. But the hearing was had on the oral testimony of witnesses before the court. In such case the finding must be accorded all the presumptions in favor of the verdict of a jury. So considered, we do not find such clear and palpable error as to warrant a disturbance of such finding. Rogers v. McLeskey, 225 Ala. 148, 142 So. 526; Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Hagood v. Spinks, 219 Ala. 503, 122 So. 815.

All the conditions under which the widow was entitled to take a fee under the statute were unquestioned other than on that of value.

Exception, however, was interposed in the nature of waiver or estoppel based upon allegations to this effect.

This proceeding was begun May 1, 1940. A former proceeding to like effect had been filed February 17, 1940. It appears that proceeding went so far as appointment of commissioners, and the filing of their report to like effect with the report in the instant proceeding. So far as appears nothing more was done, and on March 9, 1940, that proceeding was dismissed at the instance of petitioner. The order of dismissal recited: "dismissed out of this court without any prejudice to the rights of applicant."

We observe here such disposition was in no sense res adjudicata cutting off a later proceeding.

Under our statute, the appointment of commissioners follows as of course, upon the filing of a proper application. Not until the filing of their report are steps taken to bring in the heirs at law, when they are authorized by exceptions to institute a suit inter partes testing the right of the widow to take a fee instead of a life estate in the homestead. Dake v. Inglis, 239 Ala. 241, 194 So. 673.

The heirs, however, further allege:

"Petitioner avers that it appears in said decree or order of this court entered March 9, 1940, that said cause was 'dismissed without any prejudice to the rights of the applicant' Emma Patterson Murphy, yet nevertheless petitioners aver that said cause was dismissed upon an agreement of compromise in settlement between the parties Plaintiff and Defendant of the matters and things then within the lis pendens of said suit which was subsequently reduced to writing to evidence said agreement of compromise and settlement as part of said agreement of compromise and settlement and from which it is made to appear that

the petitioner in this cause in effect waived any further proceedings to have the exemptions set apart to her out of said lands of her deceased husband, J. W. Patterson. Upon the assurances and agreements of the defendants in said proceedings, who are also said defendants here, that said lands should be charged with the support of Emma Patterson Murphy, who is also the mother of the said defendants, it being the intention of all parties to said contract to 'provide a home for our mother and to provide for her comfort and well being, so long as she may live, and second, to keep, conserve and preserve the lands left by our deceased father at the time of his death; and a copy of said agreement is hereto attached and marked Exhibit 'C' and made a part of this Plea as fully as if here now set out in full." "Petitioners" and "defendants" appear to be used to designate the contestants.

Exhibit "C", dated March 20, 1940, signed by the widow and children, recites that the mother is now in feeble health, unable to look after and care for the management of the land, such as collecting rents, assessing and paying taxes, and stipulates:

"(a) That our brother, U. A. Patterson, who is now living in the home with our mother, shall remain in the home and take care of and administer unto the wants of our mother. That he shall be permitted to cultivate the garden and such patches about the house as he shall so desire, and this shall be his remuneration for staying with and taking care of our mother.

"(b) That Emma Patterson together with the undersigned do hereby constitute and appoint William Patterson, as our agent and attorney-in-fact, for the performance of the following duties, to-wit:

"(1) To rent the lands mentioned above to the best advantage, to collect the rent, assess the land for taxation in the name of our deceased father, J. W. Patterson, and to pay the taxes on the land out of the rent money, and that whatever amount of rent money is left after the payment of taxes to buy groceries and carry to the home and to provide our mother with such clothing as will be needful for her comfort and well being. That William Patterson shall obtain receipts for all money paid out and keep an accurate account of the handling of any money coming into his hands under this agreement."

The agreement required William Patterson to procure medicine and a doctor for "our mother"; he was authorized to make needed repairs to keep the residence livable; he was authorized to spend his own money, if necessary, and have a lien on the property as security. Safeguards by way of receipts for monies paid out, and a concurrence of Dee Patterson, another brother, required for expenditures in excess of rents, etc.

The agreement concluded:

"5th. The purpose of this agreement is two-fold: 1st. to provide a home for our mother and to provide for her comfort and well being, so long as she may live, and 2nd. to keep, conserve and preserve the lands left by our deceased father at the time of his death."

The trial court held these allegations presented no issue for trial in this proceeding, and granted a motion to strike.

In the course of the trial, however, both sides offered evidence pertaining to this matter.

It appeared the mother promptly repudiated the agreement, refused to accept anything from her son, William; forbade his entry on the place, and revoked or undertook to revoke all authority conferred upon him. It appears William obtained a separate mortgage for prospective outlays, &c.

The mother, by this agreement, parted with no title in the property; nor, in terms, committed herself not to assert the title which the law gave her upon the judicial ascertainment of the facts mentioned in the statute. The order made in the former suit negatives any claim of waiver or estoppel at that time.

■ Granting that the services and outlays undertaken by the son can be said to be a consideration for the agreement; her power to revoke the agency; her right to repudiate and cancel the agreement in advance of performance, and whatever equities, if any, may have arisen from this entire transaction, we think were not for the probate court in this proceeding, but matters for a court of equity.

The trial court taxed the costs of the proceeding against the petitioner, or applicant, the successful party. This is challenged by cross assignment of error. Section 7938, Code of 1923, now Section 681,

Title 7, Code of 1940, requires the taxation of costs against the unsuccessful party.

The act of 1915, Code of 1923, Section 7221, now Section 65, Title 11, Code of 1940, is a general statute relating to taxation of costs in all civil actions. "The court may apportion the costs at his discretion as justice and equity may require." Justices of the Peace Courts are excepted from this provision. Civil actions in Probate Courts, not being excepted, are within the discretionary provisions of that statute, unless governed by other statute.

Since the special statute applicable to this proceeding, namely, Section 681, Title 7, Code of 1940, is also brought forward and reenacted in the Code of 1923 and 1940, we are of opinion it is still in force, and governs the case in hand. The judgment will be here corrected so as to tax the costs of the proceeding in the lower court against the unsuccessful parties, the contestants, and appellants in this court. As thus corrected, the judgment is affirmed.

Corrected and affirmed.

All Justices concur.

KNIGHT, J., not sitting.