28 So.2d 196

**CRAWFORD et al. v. CRAWFORD et al.**

**6 Div. 511.**

Supreme Court of Alabama.

Dec. 5, 1946.

R. G. Redden, of Vernon, for appellants.

Young & Young, of Vernon, for appellees.

448

FOSTER, Justice.

This is a suit in equity for the sale of land belonging to tenants in common. It was owned by J. D. Crawford at the time of his death in 1901 or 1902, (the evidence is somewhat uncertain), and was his homestead, and in value and area not exceeding the homestead exemptions provided by law.

He left a widow and eight children. Of these three were adults towit, S. M. Crawford, Nancy (Crawford) Williams, and John (or J. W.) Crawford (now dead leaving one heir Floy Graham), and five were minors, towit, Mamie Crawford Gilliam, Harrison Crawford, Ben Crawford, Martin Crawford and Sarah Crawford Graham (now deceased, leaving three children Delmer, Elbert and Lucile Graham).

The widow and some of the children resided on the place until she died January 28, 1944. This bill was filed April 12, 1945. The complainants are S. M. Crawford, Harrison Crawford, Nancy Williams, and Mamie Gilliam. Of them S. M. Crawford and Nancy Williams were adults, and Harrison Crawford and Mamie Gilliam were minors at the time of the death of J. D. Crawford.

■ The descent of the land at the death of J. D. Crawford was governed by the Code of 1896. It has often been held that under that Code when the homestead left by decedent was all of his real estate, and less in area and value than the exemption allowed by law, the title vested immediately in the widow and minor children, whether it was set apart under the statute or not. Section 2071, Code of 1896; Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259; Faircloth v. Carroll, 137 Ala. 243, 34 So. 182; Dickinson v. Champion, 167 Ala. 613, 52 So. 445; Hodges v. Hodges, 172 Ala. 11, 54 So. 618; Hall v. Hall, 171 Ala. 618, 55 So. 146.

■ The result here is that the title vested in the widow and five minor children, excluding the adults from sharing in it. So the widow and minor children were each vested with an undivided one-sixth interest.

The widow was not the mother of the adults, nor of all the minors. But her children were Harrison Crawford, Ben Crawford and Martin Crawford, who were also minor children of J. D. Crawford. So that when the widow died, her one-sixth interest descended to her three children. After her death, therefore, her three children, towit, Harrison, Ben and Martin Crawford, each, inherited from her an one-third of a sixth interest, or an one-eighteenth interest, and already had an one-sixth interest each, so that they each now have an undivided four-eighteenths interest in said land, and the other children of J. D. Crawford, who were minors at the time of his death, towit, Mamie Crawford Gilliam, and the children of Sarah Crawford Graham, now deceased, towit, Delmer, Elbert and Lucile Graham, have the same interest which was acquired upon the death of J. D. Crawford. That is to say, that Mamie Crawford Gilliam has an one-sixth interest, and the children of Sarah Crawford Graham have an one-sixth interest: whereby Delmer, Elbert and Lucile Graham each have an one-third of an one-sixth interest.

■ Two of the complainants, S. M. Crawford and Nancy Williams, were adults at the time of the death of J. D. Crawford, and were not children of his widow, and therefore have no interest in the land. Two of the complainants, Harrison Crawford and Mamie Crawford Gilliam, were minors at the time of the death of J. D. Crawford, and therefore have, as above stated, an interest in the land, and are proper parties complainant.

■ The court's finding is consistent with the foregoing principles, but it does not specifically state what the interest of each of the parties is. It correctly states who are the tenants in common, but does not state their respective interest. This is also true as stated in the decree, except that the name of Mamie Crawford Gilliam does not appear in the decree as a tenant in common. This is evidently a typographical error. We think it is important that the exact interest of each should be decreed before the sale, so that the interested parties may know just what their interest is at the

time of the sale. In fact, this Court has held that it should be done. Harvey v. Jenkins, 219 Ala. 121, 121 So. 419.

We think the finding and decree of the court were correct, except in omitting Mamie Crawford Gilliam from the decree, but should be modified so as to fix definitely the proportionate interest of each of the parties, as we have stated them, and to include Mamie Crawford Gilliam.

Appellants however complain that the decree of the court is in error because of the finding that two of the complainants are not entitled to relief since they are not tenants in common of the property sought to be sold for division. They contend that all complainants must be entitled to relief or none are. Some of the older cases declare that principle, which has been changed by statute, as it now appears in Rule 67, Chancery Practice, Code of 1940, Tit. 7 appendix. It was section 6645, Code of 1923. Appellants' contention in this respect cannot be sustained.

The decree of the trial court is modified so as to provide that Harrison Crawford, Ben Crawford and Martin Crawford each have a four-eighteenths interest in the land, and that Mamie Crawford Gilliam has a three-eighteenths interest, and Delmer, Elbert and Lucile Graham each have an one-eighteenth interest in the land.

As so modified, the decree of the circuit court is affirmed.

Affirmed, as modified.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.