71 So.2d 831

**BRYANT et al.  v.  JONES et al.**

4 Div. 677.

Supreme Court of Alabama.

March 4, 1954.

Rehearing Denied April 22, 1954.

Fred S. Ball, John R. Matthews, Jr., Montgomery, Jas. M. Prestwood, Andalusia, for appellants.

Baldwin & Baldwin, Andalusia, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a final decree rendered by the Circuit Court of Covington County, sitting in Equity, in favor of respondents.

Appellants, the complainants below, filed a bill for a declaratory judgment seeking the construction of a deed to approximately 80 acres of land located in the proximity of Opp, Alabama. Complainants are the next of kin of Ira Jones, and claim title through him. The appellees, respondents below, claim title through Sarah Jones, Ira Jones' wife.

The evidence shows that Ira Jones, during 1888, applied to enter four quarter sections of land, in accordance with Section 2289, Revised Statutes of the United States, 43 U.S.C.A. § 161. In 1895, he obtained a patent on these lands, and they became Jones' homestead. The entire tract homesteaded was "L" shaped with two quarters lying east and west (referred to as Tract 1) and two quarters lying north and south below the western quarter of Tract 1 (referred to as Tract 2). Tract 2 is the land involved in this suit.

After Ira Jones had entered upon the land, and approximately a year before he actually homesteaded it, he married Sarah. Appellants have contended that Ira's mother, F. E. Jones, furnished the money to homestead said lands. Appellants' evidence tended to show that after Ira Jones applied for the land, but before he married Sarah, he and his mother moved upon said

land, built a small house, and lived there until he married. To the contrary, appellees' testimony tended to show that Sarah's brother, Green Clark, instigated Ira's application to enter the land, and that he, instead of Ira's mother, had furnished the money to homestead the property.

During July, 1899, Ira conveyed Tract 1 to Sarah, and, on the same date, conveyed Tract 2 to Sarah and his mother, F. E. Jones, for their lives; with the remainder to his brother, J. W. Jones, who was the father of appellants. Although Sarah failed to join in the deeds, they were recorded shortly thereafter.

It is undisputed that at the time of the conveyance, and at all times during their marriage, Ira and Sarah lived as man and wife in their small home which was located in the northeast portion of Tract 1. There, they also ran a store.

Appellants presented considerable evidence which tended to show that Tract 2 has always been wild, uncultivated timberland. Said evidence also manifests the contention that Ira and Sarah always allowed the land in question to lie idle, and that neither Ira nor Sarah ever derived any sustenance whatsoever therefrom. To the contrary, appellees denied that said lands were always left completely idle. The extent of appellees' evidence in this respect is that they presented two witnesses who testified that a few acres of Tract 2 had been cleared during the life of Ira Jones. One witness stated that approximately 6 or 8 acres in Tract 2 had been cleared prior to the death of Ira. The other merely testified that there had been "a little field cleared up down there."

At the time of the conveyance in 1899, Ira Jones' health had become very poor. It was apparent that he did not have long to live. Appellants contended that the deeds were executed to effectuate a family settlement which recognized that Ira Jones' mother had furnished the funds to homestead the land. Their evidence tended to show that Sarah, Ira's wife, was to have Tract 1, upon which their home was situated. It also tended to show that Ira's mother, F. E. Jones, and Sarah were to have the joint use of the wooded uncultivated Tract 2 for their lives, with the remainder to Ira's brother, J. W. Jones. Appellees dispute these contentions.

Ira died without issue shortly after the execution of the two deeds. Sarah, the last surviving life tenant under the deed to Tract 2, died in 1945. Two years after her death, appellants, all of whom are the legal heirs of J. W. Jones, brought this suit against the appellees, who claim through Ira's wife, Sarah, and Sarah's illegitimate daughter, Susan Kilcrease. Appellants' claim to Tract 2, if sustained, must be based upon Ira Jones' deed of 1899.

Inasmuch as the appellees contended that all of the original 160 acres were still a part of the homestead at the time of said deed's execution, they state that the deed to Tract 2 was void ab initio. Appellees also claimed that the appellants were barred by res judicata, the statute of limitations, laches and prescription from asserting any claim to this property. The plea of res judicata was based upon the fact that on January 22, 1917, Ira Jones' brother, J. W. Jones, and a sister, brought an action against Sarah Jones, seeking a partition of Tract 2. In that action, J. W. Jones and Emma Neal, his sister, claimed to be joint owners and tenants in common with Sarah Jones. They claimed to own undivided ¼ interests in Tract 2, and that Sarah Jones then owned an undivided ½ interest therein. On November 24, 1919, the bill for partition was dismissed for want of prosecution.

The present appeal assigns as error the lower court's ruling under the evidence.

Some mention is made in brief that the deed in question is invalid for lack of delivery of it. We have carefully examined the record, and are of the opinion that this question was not raised in, nor decided by, the lower court. As a consequence, there is nothing relative to the question of delivery presented for this court's ruling.

We must determine two issues. First: Are the present complainants barred from asserting title to Tract 2 by reason of res

judicata, the statute of limitations, laches, or prescription? Secondly: Were the 80. acres encompassed within Tract 2 still a part of the homestead of Ira Jones on July 18, 1899, the date he deeded said land to Sarah Jones and F. E. Jones for life, with the remainder to his brother, J. W. Jones?

1. The opinion within special Judge Albritton's Final Decree states the following:

"The Court is of the opinion that Complainants are *barred* by prescription, laches, and prior proceedings *from the assertion of a resulting trust* in favor of F. E. Jones in the land involved, *or* any interest in the land by virtue of the *family settlement agreement* alleged in the bill of complaint as last amended. Therefore the *only other question* to be determined by the Court is the *legal effect of the deed* dated July 18, 1899, attached as Exhibit 'B' to the amended bill of complaint, conveying the E ½ of the SE ¼ of Section 33, Township 4, Range 18 to S. P. Jones and F. E. Jones with the recital that: 'This deed is to stand as written until the death of the said S. P. and F. E. Jones at which time it shall go to J. W. Jones, brother of I. E. Jones, the grantor.' " (Emphasis added.)

We think the first two sentences quoted above can leave no doubt as to the meaning of Judge Albritton's decree. Within those sentences he clearly states that the complainants were found to be "barred by prescription, laches, and prior proceedings" only upon theories of law and fact relative to a resulting trust or family settlement agreement. The second sentence quoted elucidates the fact that the lower court did not find complainants to be barred from asserting title under Exhibit "B," the deed in question, due to either prescription, laches, or prior proceedings. The court's ruling, which excepted the deed of July 18, 1899 from the effects of prescription, laches, and prior proceedings, was, in our opinion, correct. We are also clear to the conclusion that the trial court ruled correctly as to the questions of resulting trust and family settlement.

Argument is made that a remainderman is not barred by laches, prescription or limitations until he has a right to sue for possession. While this is true, before it is applicable there must be a remainderman.

In the instant case the deed involved purported to convey property to which Ira Jones had established legal title in himself as a homestead, and upon which he and his wife, S. P. Jones, were residing at the time the deed was executed. We think the evidence is quite clear that this land was not more than 160 acres in area and $2,000 in value, and constituted the homestead of Ira Jones and his wife.

Our cases are clear to the effect that a conveyance by husband of a life estate in a homestead to his wife, or to his wife and others, without the voluntary signature and assent of the wife is not an alienation of the homestead.

This principle was clearly enunciated in the case of Bassett v. Powell, 178 Ala. 340, 60 So. 88, 89, where it was said:

"The land in question was the homestead of George White at the time he conveyed the life estate in same to his wife, and whether the deed conveyed the remainder to his heirs or reserved the same to himself matters not, as there was no separate voluntary release of same by the wife, as is required by law, and said deed was inoperative as an alienation of the homestead right. The deed to the wife may have operated to pass the legal title to the life estate to her; but, being without her voluntary signature, said conveyance was subject to all pre-existing homestead rights. We think that what was said in the case of Turner v. Bernheimer, 95 Ala. 241, 10 So. 750, 36 Am.St.Rep. 207, is decisive of the case at bar. There the court, after discussing a conveyance of the homestead by the husband to the wife, speaking through McClellan, J., among other things said: 'It would seem, then, in all reason, that a conveyance of homestead premises by the husband to the wife, while hav-

ing effect as an alienation of the *land* in the sense of passing the legal title to her, is yet not an alienation of the *homestead,* since that does not thereby pass either from the husband, the wife, or the family, but is still in every essential quality an attribute, with respect to possession, enjoyment, and all the rights necessary to its protection as exempted property, the homestead alike of the husband, the wife, and their children. And so it is said further by the eminent author quoted above that laws requiring the voluntary assent and signature of the wife to an alienation of the homstead "are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance." Thompson on Homestead, etc., § 473. And the adjudged cases fully support, not only this text, but the conclusion we have arrived at, that such a conveyance is not an alienation of the homestead within the meaning of the Constitution and statutes of Alabama, but is valid for the purpose of passing the legal title of the land into the wife, subject to all pre-existing homestead rights, without the voluntary signature and assent of the wife. * * *'

"It results that the deed in question was not an alienation of the homestead, and to all intent and purpose the right to same remained in the wife, just as if the deed had not been made, and, as the husband owned no other land, the title to the homestead vested absolutely in the wife upon his death, without administration or selection. The statutes, as existing under the Code of 1896, control the present case, which, as construed in the case of Faircloth v. Carroll, 137 Ala. 243, 34 So. 182, and cases there cited, sanction the holding that the title to the homestead vests absolutely in the widow, if there is no other real estate, without administration or selection."

The evidence is clear that at the time Ira Jones died he owned no other land and the property in question, constituting less than 160 acres in area and $2,000 in value, and since the deed involved in this proceeding was not an alienation of the homestead, the title to the property vested absolutely in S. P. Jones, the wife, upon the death of Ira Jones without administration or selection. Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259; Bassett v. Powell, supra.

We are clear to the conclusion that the evidence in this case is totally insufficient to establish an abandonment by Ira Jones of his homestead of 160 acres or any part thereof.

Finding there is no error in the record, the cause is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY, and MERRILL, JJ., concur.