276 So.2d 431

**Trannie Floy Duckworth TYNER, etc.**

v.

**Grace D. MARTIN et al.**

**SC 24.**

Supreme Court of Alabama.

April 5, 1973.

Rehearing Denied May 3, 1973.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for appellant.

C. W. Gross, Tuscaloosa, for appellees.

COLEMAN, Justice.

Complainant appeals from a decree denying the relief sought by a bill of complaint which complainant designates a bill of review. We will undertake to state in condensed form the material matters which culminated in this appeal.

The contest is between the devisees named in the will of a deceased husband on one side and the heirs of his deceased wife on the other side. Each side claims the right to the fee simple title to certain land which was the homestead of the husband, William H. Jones, at the time of his death April 23, 1967. He was survived by his widow who died December 8, 1969. They were not survived by any child or descendant of any deceased child.

The husband bequeathed and devised his property as follows:

"ITEM TWO:

"It is my will that my property be used by my Executors for the benefit of my wife, Olar D. Jones. My Executors are to spend whatever amount is necessary from my estate for the benefit of my said wife as long as she lives. At her death, all my remaining property of every kind, character and description, including both real property, and personal property is to go to my two nieces Gracie D. Martin and Ellie V. D. Richardson, and Viola Spencer Jones, the wife of my nephew, William C. Jones, and be theirs absolutely, in fee simple forever, and share and share alike. I realize that I am not leaving any thing to quite a number of relatives, but I know that I may need help during the latter days of my life, and the above named three persons will help me, and if it becomes necessary for them to look after me I know that they will do so.

"If any one of the above named three people should die before I do, it is my will that the interest which she would have received if living go to her heirs at law."

The three named devisees were also appointed executors of the will.

On January 15, 1968, a petition was filed in the probate court by the widow acting by next friend, Minnie Pogue. In the petition it is alleged that the will of the husband was admitted to probate August 3, 1967; that on December 19, 1968, the probate court had found the widow to be of

unsound mind; that the widow had no guardian; that it would be to the interest of the widow for the probate court to declare the widow's dissent from the will of the husband. On February 16, 1968, the probate court declared the widow's dissent from the will of the husband.

On June 26, 1968, the widow, by her guardian, Roy A. Kelly, filed in the probate court a petition alleging, among other things, that the husband owned at the time of his death a certain described parcel of land containing eighty acres; that no children were born of the marriage of the husband and the widow; that said land was occupied by them as their residence at the time of the husband's death and is all the real estate of any kind owned by the husband; and that there are no debts against the estate of the husband. The prayer of the petition here pertinent is that the court issue appropriate process and set aside to the widow as a homestead in fee simple all the real estate owned by the husband at the time of his death. It is to be noted that the petition does not contain any averment stating the value of the alleged homestead at the time of the husband's death.

The probate court appointed appraisers who filed a report. The court set a day for hearing the report and exceptions thereto. Before the day for hearing arrived, the administration was transferred to the circuit court, in equity.

Testimony was heard ore tenus in the circuit court, in equity, and decree was rendered February 21, 1969. At the hearing on November 27, 1968, Mrs. Martin testified that the widow had been in Bryce Hospital about five years. The court found that the wife had been an inmate of Bryce Hospital for several years prior to husband's death and that she will most likely spend the rest of her life there. The court found that the land in suit was worth more than $6,000.00 at the time of the husband's death. The court made further finding and order as follows:

"The Court now finds that the Executors of the Last Will and Testament and Estate of William H. Jones, Deceased, have no objection to the setting aside of the above described real property to the said Ola D. Jones as a homestead for and during the term of her natural life, even thaough the said Ola D. Jones will most likely never be able to occupy the said property again. The Court further finds that the Executors of the Last Will and Testament and Estate of the said William H. Jones, Deceased, who are Grace D. Martin, Ellie V. D. Richardson, and Viola Spencer Jones Burnett, will inherit the said property at the death of the said Ola D. Jones according to the Last Will and Testament of the said William H. Jones.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the real property described above be, and hereby is set aside as a homestead to and for the said Ola D. Jones, to be hers for and during the term of her natural life."

There was ample evidence to support the court's finding that the land was worth more than $6,000.00 at husband's death.

The record contains a notice of appeal from the decree of February 21, 1969. The notice was filed March 13, 1969, by the widow's guardian. Apparently, no further steps were taken to prosecute the appeal.

The widow died intestate December 8, 1969. Complainant was appointed administratrix of the estate of the widow.

On March 12, 1971, complainant, as administratrix and one of the heirs at law of the widow, commenced the instant suit by filing the bill of complaint entitled a bill of review. Complainant alleges that the decree of February 21, 1969, is erroneous and prays that the court will decree that the title to the homestead vested in the widow in fee simple.

The respondents are the three persons named in the will to whom the husband devised that part of his property remaining at the death of his wife.

The court rendered a decree denying the relief sought and affirming the decree of February 21, 1969. Complainant appealed.

The complainant contends in brief that in the decree appealed from the trial court should have reversed the decree of February 21, 1969; should have declared that all facts necessary to vest fee simple title in the widow had been proved; and should have decreed that fee simple title vested in the widow.

In support of her contention, complainant relies on a proposition of law stated as follows:

"The homestead of a childless Alabama resident vests in the widow in fee simple where it is all of the real property owned by decedent in the State of Alabama, and does not exceed 160 acres in area, even though it exceeds six thousand dollars in value, and all debts of the estate are paid."

In support of this proposition complainant cites Title 7, §§ 661 and 663, Code 1940, as amended by the act of 1951, page 1558, § 1, approved September 12, 1951; and act of 1953, page 1128, § 1, approved September 19, 1953, respectively.[1]

Complainant also cites the four cases next mentioned. The decision in each of the four cited cases was governed by the predecessor of § 663 of Code 1940, which

---

1. The amended statutes appear in Code of 1940, Recompiled 1958, as follows:

"§ 661. The homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances not exceeding in value six thousand dollars, and in area 160 acres, shall be exempt from administration and the payment of debts in favor of such widow and minor children, or either, in any event, during the life of the widow, or the minority of the child or children, whichever may last terminate; and the rents and profits of such homestead, if there be a widow and no minor child, shall inure to her benefit during her life; or if there be a minor child or children, and no widow, then to the benefit of such child, or children, during minority; or if there be both widow and minor child or children, then to their equal benefit during the life of the widow and the minority of the child or children. Except when the homestead is devised by will it shall vest in the widow and the minor children for the life of the widow or the minority of the children whichever may last terminate, without limit as to value, if there are no debts, or if the remainder of the estate is sufficient to pay all debts and claims against the estate, or if the remainder of the estate is insufficient to pay all claims against the estate and if the widow or minor children shall pay the remaining unsatisfied claims. In no case, however, shall the homestead exceed 160 acres in area."

"§ 663. When the homestead set apart to the widow and minor children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, whether there be administration on the estate or not and whether the estate be solvent or insolvent, the title to such homestead vests absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children (minors and adults) and the descendants of deceased children; and if there be no children or descendants of deceased children, in the widow. Provided that when there are children and a widow the homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children, without the consent of the widow and the legally appointed representative of the minor children. And provided further that when the homestead is so vested and there are a widow and minor children the widow and minor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. As against creditors of decedent the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by the decedent, and that it is of greater value than six thousand dollars, and the homestead secured thereby shall be held and governed as in section 661 of this title."

was § 2071 of the 1896 Code, and recited as follows:

"2071. When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title to such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not."

In the Code of 1896, § 2069, which was the predecessor of § 661, Code 1940, recites as follows:

"§ 2069. The homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances, not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be exempt from administration and the payment of debts contracted after the twenty-third day of April, 1873, in favor of such widow and minor child or children, or either, in any event, during the life of the widow, or the minority of the child or children, whichever may last terminate; and the rents and profits of such homestead, if there be a widow and no minor child, shall enure to her benefit during her life; or if there be a minor child or children, and no widow, then to the benefit of such child or children during minority; or if there be both widow and minor child or children, then to their equal benefit during the life of the widow and the minority of the child or children. Such homestead may be retained by the widow or minor child or children, until it is ascertained whether the estate is solvent or insolvent; and if the estate is insolvent, it shall vest in them absolutely."

In each and all of the four cited cases, the homestead did not exceed $2,000.00 in value.

In Faircloth v. Carroll, 137 Ala. 243, 244, 34 So. 182, the statement of the case re-

cites that decedent ". . . was residing upon said land with his family as a homestead, the same being [one hundred and sixty] acres and less than [two thousand dollars] in value; . . ."

In Dake v. Inglis, 239 Ala. 241, 243, 194 So. 673, 674, the opinion recites: ". . . The bill alleges that at that time the property did not exceed in value, Two Thousand Dollars, nor in area one hundred and sixty acres, and that it was all the real estate owned by the said Inglis."

In Crawford v. Crawford, 248 Ala. 447, 28 So.2d 196, the court said:

"The descent of the land at the death of J. D. Crawford was governed by the Code of 1896. It has often been held that under that Code when the homestead left by decedent was all of his real estate, and less in area and value than the exemption allowed by law, the title vested immediately in the widow and minor children, whether it was set apart under the statute or not. Section 2071, Code of 1896; (Citations Omitted)" (248 Ala. at 448, 28 So.2d at 197)

In Bryant v. Jones, 260 Ala. 659, 71 So. 2d 831, the court said:

". . . We think the evidence is quite clear that this land was not more than 160 acres in area and $2,000 in value, and constituted the homestead of Ira Jones and his wife." (260 Ala. at 663, 71 So.2d at 834)

Two additional cases are cited in brief, to wit: Bearden v. Orr, 241 Ala. 585, 4 So.2d 138, and Taylor v. Dew, 236 Ala. 624, 184 So. 184, and in each of the two additional cases the opinion shows that the homestead did not exceed two thousand dollars in value.

Complainant cites also Harrod v. Farmer, 273 Ala. 298, 139 So.2d 115, wherein this court stated the question for decision as follows:

". . . 'Does the homestead of a childless, Alabama resident, *dying intes-*

*tate* after September 19, 1953, vest in the widow absolutely, in fee simple, if it does not exceed 160 acres in size and if all debts of the estate are paid, even though said homestead exceeds the sum of $6,000.00 in value?' . . ." (Emphasis Supplied) (273 Ala. at 299, 300, 139 So.2d at 116)

The court quoted the exception contained in amended § 661 as follows:

" 'Except when the homestead is devised by will it shall vest in the widow and the minor children for the life of the widow or the minority of the children whichever may last terminate, without limit as to value, if there are no debts, or if the remainder of the estate is sufficient to pay all debts and claims against the estate, or if the remainder of the estate is insufficient to pay all claims against the estate and if the widow or minor children shall pay the remaining unsatisfied claims. In no case, however, shall the homestead exceed 160 acres in area.' " (273 Ala. at 300, 139 So.2d at 116)

This court answered in the affirmative the question stated above, and, among other things, said:

". . . The effect of the amendments of §§ 661 and 663 is to place the widow in a more advantageous position than she had previously occupied, enabling her not only to occupy but to obtain title to the homestead of her deceased husband unlimited as to value, yet limited to 160 acres in area, where there are no debts of the estate or they have been paid by her. . . ." (273 Ala. at 302, 139 So.2d at 118)

The court found in the instant case that the homestead was worth more than $6,000.00 at the time of the husband's death. The finding is amply supported by evidence heard ore tenus.

The husband, in the instant case, did not die intestate. He devised the homestead by will. In that respect, the case at bar is different from *Harrod*. In *Harrod*, this court quoted and relied on the exception in § 661.

In Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204, this court construed the exception in § 661 as follows:

". . . We think *the intent* of the Legislature *was to provide the widow* and the minor children, if any, *with a life estate* in the homestead *without limit as to value, in the absence of devise by will,* so long as there were no debts, or they were paid, and so long as the area did not exceed 160 acres. We think it clear that such a construction was intended by the Legislature, the exception being, as it has long been, that the husband, by will, could devise that part of his property over and above the homestead exemption as he pleased." (Emphasis Supplied) (267 Ala. at 18, 99 So.2d at 206)

In the case at bar, by the decree of February 21, 1969, the trial court decreed to the widow a life estate in the entire homestead which exceeded $6,000.00 in value. Although the homestead was devised by will, the devisees made no objection as is stated in the decree. The court further gave effect to the will by declaring that on the termination of the widow's life estate the named devisees would take the homestead according to the will.

The decree is not in conflict with *Harrod* because the homestead here is devised by will, and, in *Harrod,* the homestead was not so devised. The decree follows *Ganus* by giving effect to the husband's devise of his property over and above the homestead exemption.

No error has been shown in the 1969 decree, and the court did not err in the decree appealed from by refusing to set aside the 1969 decree.

Other matters are argued by appellees to the effect that a homestead cannot be set aside to a deceased widow. We pretermit

consideration of these matters as unnecessary to a decision.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, McCALL and JONES, JJ., concur.