BEATTY, Justice.
Plaintiffs appeal from a circuit court decree upholding the validity of a deed. We reverse and remand.
Plaintiffs, the widow and several of the heirs at law of W. M. Daniel, deceased, filed suit on September 14, 1978, seeking (1) to cancel a deed allegedly executed by Mr. Daniel, and (2) to have the property conveyed under the deed sold for division. Defendants are the remaining heirs at law of the decedent. The record reveals that the deed in question, dated December 15, 1956, purported to convey forty acres of land from Mr. Daniel to his wife Minnie for life, with the remainder interest in defendant Berlyn Daniel, a son of W. M. Daniel. W. M. Daniel died intestate on May 11, 1957, and Minnie assumed the exclusive possession of the disputed property, claiming a life estate by virtue of her homestead and dower rights. This claim is not contested by defendants. At issue instead is title to the remainder interest.
The dispute arose when Berlyn Daniel recorded the 1956 deed granting him a remainder interest in the property. This event took place on July 7, 1966, some ten years after the death of W. M. Daniel. Until that time, neither the widow of Mr. Daniel nor any of the remaining heirs at law knew of the existence of the deed. The signature of Mrs. Daniel does not appear on the instrument, and its appears that it was never delivered to her.
At the conclusion of the evidence, the trial court, sitting without a jury, rendered judgment upholding the deed in question. On this appeal, we are faced with two issues: (1) the timeliness of plaintiffs’ attack on the deed, and (2) the effect of the failure of decedent’s spouse to sign the deed.
I
The undisputed evidence is that the questioned deed was dated December 15, 1956. Plaintiffs first became aware of the existence of the deed in 1966, and did not file suit until 1978. Defendants contend that the principles of laches and prescription bar the relief sought by plaintiffs. We do not agree.
In essence this is a suit by the heirs and remaindermen of W. M. Daniel to set aside the 1956 deed as a cloud on their reversionary interests. Since the suit is not an action for the recovery of lands, the ten-year statute of limitations [Code of 1975, § 6-2-33(2)] does not apply. See Washington v. Norwood, 128 Ala. 383, 30 So. 405 (1901). We are also convinced that the defenses of laches and prescription are not available to defendant Berlyn Daniel in this case. As this Court stated in Hammond v. Shipp, 292 Ala. 113, 119, 289 So.2d 802, 808 (1974):
[W]hile the remainderman may maintain an action to remove a cloud on his reversion during the pendency of the life estate, he is under no duty to do so and cannot be guilty of laches if he does not do so. Huey v. Brock, 207 Ala. 175, 92 So. 904, cert. denied 259 U.S. 581, 42 S.Ct. 585, 66 L.Ed. 1074 (1922). The twenty year period of prescription does not begin to run until the death of the life tenant. Huey, supra; Kyser v. McGlinn, supra [207 Ala. 82, 92 So. 13]. Therefore, prescription is not applicable in this case.
In light of the foregoing principles, we must conclude that this action is not time-barred under either the rule of prescription or the equitable doctrine of laches.
Both statutory and case law in Alabama clearly support the proposition that the signature of the wife is necessary to effectuate a valid conveyance of homestead property. Code of 1975, § 6-10-3 provides:
No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in the form of acknowledgment for individuals prescribed by section 35-4-29.
*718 In Deramus v. Deramus, 204 Ala. 144, 85 So. 397 (1920), this Court addressed the question of the effectiveness of a deed in which a husband attempted to convey a life interest in homestead property to his wife, with the remainder in the couple’s children. The wife did not sign the deed. This Court said:
That the deed, in so far as it undertook to vest title in the wife for her life, operated in accordance with the intention of the grantor, is settled in the law of this state. [Citations omitted.] But a majority of the court holds, in agreement with the contention of appellants, that, in so far as the deed purported to affect the estate in remainder in the homestead, it was void. . [Emphasis added.] [85 So. at 398.]
In Bassett v. Powell, 178 Ala. 340, 60 So. 88, 89 (1912), we enunciated a similar principle:
The land in question was the homestead of George White at the time he conveyed the life estate in same to his wife, and whether the deed conveyed the remainder to his heirs or reserved the same to himself matters not, as there was no separate voluntary release of same by the wife, as is required by law, and said deed was inoperative as an alienation of the homestead right. The deed to the wife may have operated to pass the legal title to the life estate to her; but, being without her voluntary signature, said conveyance was subject to all pre-existing homestead rights. .
See also Bryant v. Jones, 260 Ala. 659, 663, 71 So.2d 831 (1954).
In this case, defendants do not deny that the forty acres of land owned by W. M. Daniel at his death was homestead property. The evidence clearly shows that Minnie Daniel did not sign the deed which purported to convey to Berlyn Daniel the remainder interest in the property. Applying the law to these facts, we must conclude that the trial court’s decree upholding the deed to Berlyn Daniel was clearly erroneous. As a result, the cause must be, and is, hereby reversed and remanded for entry of a decree consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.