JONES, Justice.
This case involves a question, or questions, as to the ownership of five 40-acre tracts of land located at the head of Jeffrey’s Cove in Jackson County. Plaintiffs in this case, the Griffins, alleging actual or constructive possession, claim title to all five tracts of land. One of the Defendants, Bean, also claims title to all five tracts of land. The other Defendant, Guess, claims title to only the southernmost two of the five tracts of land.
*939 After a hearing, the trial court entered a judgment by which Bean was awarded title to a portion of the property and the Griffins were awarded title to another portion. The trial court also found, however, that the record title for a remaining portion of the property in dispute was not in any of these parties.
The facts of the case are as follows: In February of 1976, Griffin purchased 4000 acres of land, of which these five 40-acre tracts are a part. Immediately upon acquiring the property, Griffin employed a surveyor, who surveyed the entire tract of land. A copy of the survey was recorded in the Probate Office of Jackson County. In 1983, Griffin hired a crew to cut timber on the subject land. The first notice he had of any dispute as to the ownership of the property was when Bean refused to allow the crew to cut timber from what he considered “his” land.
Bean claims to have acquired the property from his father around 1957; partially by deed, and partially by inheritance. Bean’s father is said to have acquired some of the property in 1937 from the Wynne Estate, and the remainder in 1946 from a Mrs. Jacobs. Bean’s father, and subsequently Bean himself, was assessed, and paid, property taxes from 1946 through 1979. Bean’s father carried out timber cutting operations on the initial portion of the property for a short time in 1937, and Bean carried out similar operations in 1957 or 1958, and again sometime between 1967 and 1969. Over the years, Bean and his father also put up a fence along a portion of the property line.
After some unsuccessful negotiations with Bean, Griffin filed suit to settle the dispute. While the suit was pending, it was discovered that Guess had begun to cut timber from a portion of the disputed property. At that time Guess was made a party to the suit.
Guess claimed to have acquired the portion of the property which he now claims from his father by descent in 1967. His father is claimed to have acquired the property from a coal company in 1939. Around 1952, Guess’s father began to cut some timber from the land. Guess’s father and Bean’s father became embroiled in a dispute over ownership of the property, and that dispute resulted in a lawsuit. Testimony was taken in that suit, but the court never issued a decree, and eventually the suit was dismissed.
A description of the five tracts of land, with the purported chain of title each party had in the respective parcel, follows:
I.
The southwest quarter of the southwest quarter of Section 7, Township 1, Range 8 East.
GRIFFINS
Warranty deed to W.T. Griffin and Pearl Griffin from Pioneer Development Corporation, dated February 25, 1976.
Warranty deed from Pioneer Coal Company to Pioneer Development Corporation, dated February 17, 1975.
Warranty deed from H.O. True, trustee, to Pioneer Coal Company, dated July 9, 1908.
Warranty deed from Thomas H. Moore and wife, to H.O. True, trustee, dated April 20, 1908.
Patent from United States of America to T.N. Moore, dated February 1908. BEAN
Descent from father, G.B. Bean.
Quitclaim deed from Mrs. Geneva Jacobs, trustee, to G.B. Bean, dated March 20, 1946.
GUESS
None.
II.
The northwest quarter of the northwest quarter of Section 18, Township 1, Range 8 East.
GRIFFINS
Same chain of title as set out in I.
BEAN
Warranty deed from G.B. Bean to Billy B. Bean, dated March 22, 1957.
*940 Warranty deed from J.M. Wynne heirs to G.B. Bean, dated November 29, 1937.
Warranty deed from W.T. Wynne to J.M. Wynne, dated November 5, 1909.
J.L. Gentry to W.T. Wynne, dated May 6, 1904.
GUESS
None.
III.
The southwest quarter of the northwest quarter of Section 18, Township 1, Range 8 East.
GRIFFINS
Same first three items of the chain of title as set out in I.
Warranty deed from A.A. Grider to H.O. True, trustee, dated June 5, 1907.
Patent from United States of America to Elias Wilbanks, dated July 1893.
BEAN
Same chain of title as set out in II.
GUESS
None.
IV.
The west half of the southwest quarter of Section 18, Township 1, Range 8 East (the final two parcels).
GRIFFINS
Same first two items of the chain of title as set out in I.
Deed for mineral rights only from H.O. True, trustee, to Pioneer Coal Company, dated November 4, 1908.
Quitclaim deed from A.A. Grider to H.O. True, trustee, dated June 5, 1907.
Tax sale from Judge of Probate to A.A. Grider, dated August 3, 1899.
BEAN
Same chain of title as set out in II.
GUESS
Descent from father, W.A. Guess.
Quitclaim deed from Gunter Mountain Coal Company to W.A. Guess, dated December 30, 1938.
Quitclaim deed from Luther Troxell to Gunter Mountain Coal Company, dated February 13, 1928.
Warranty deed from Gunter Mountain Coal Company to J. Luther Troxell, dated February 2, 1928.
Warranty deed from James Perkins to Gunter Mountain Coal Company, dated November 15, 1905.
Warranty deed from Charles Scofield to J.T. Perkins, dated August 15, 1904.
Warranty deed from Huntsville Mining and Manufacturing Company to C.F. Scofield, dated November 12, 1904.
In addition to considering these chains of title introduced into evidence, the trial court also heard evidence presented ore terms. After cataloguing the applicable legal principles, the trial judge rendered a final judgment in the matter. In his judgment, as amended, the trial judge found that the Griffins had an unbroken chain of title to the southwest quarter of the southwest quarter of section 7 (parcel I), and the northwest quarter of the northwest quarter of section 18 (parcel II), which began with a patent from the United States government. The court also found that the Griffins’ interest in the west half of the southwest quarter of section 18 (parcel IV) was limited to mineral interests only.
The court further found that Bean had been in “actual, exclusive, hostile, and continuous possession of [a portion of the] property ... for a period of more than 20 years” The trial court concluded that, even though he did not have “clear” title, Bean had acquired title to some of the land by adverse possession; that is, by exclusively holding the land for longer than the prescriptive period.
Consequently, the trial court held that the Griffins are the owners of the southwest quarter of the southwest quarter of section 7, township 1, range 8 east, and of that part of the northwest quarter of the northwest quarter of section 18, township 1, range 8 east, that lies on top of the bluff. Also, the trial court held that Bean is the owner of the following parcel of land:
*941 “A tract of land situated in Section 18, Township 1, Range 8 East in Jackson County, Alabama beginning at the center point of the South boundary of the Southwest fourth of the Southwest fourth of said section and running north until this line intersects the top of the bluff, at a point West of what is known as the Sand Steps; thence follows the top of the bluff as it meanders Northwardly through the remainder of the Southwest fourth of the Southwest fourth, the Northwest fourth of the Southwest fourth, and the West half of the Northwest fourth to the North boundary of said section; thence East with the said North boundary to the Northeast corner of the Northwest fourth of the Northwest fourth of Section 18; thence South along the half-half section line to the South boundary of said section; thence West along the South boundary of said section to the point of beginning. This generally being that part of the West half of the West half of section 18 that lies under the top of the bluff, except in the Southwest fourth of the Southwest fourth, where it only includes the East half of that forty up to the top of the bluff.”
The evidence of record amply supports the trial court’s findings of fact and conclusions of law with respect to the ownership of the property resolved by its judgment. The court left unresolved, however, the ownership rights to all of the land in the west half of the southwest quarter of the southwest quarter of section 18, and all that part of the west half of the west half of section 18 that lies on top of the bluff. For that reason, this cause must be remanded for the trial court’s determination of the ownership rights for the remainder of the property here in dispute.
We appreciate the trial court’s conclusion that “the evidence before this court does not establish record title [to that portion left unsettled] in any of these parties.” Indeed, if this were an action in ejectment in which the Griffins were seeking to oust either Bean or Guess or both from possession, we would be inclined to affirm the trial court’s decree leaving unsettled that portion of the property’s ownership. But this is not a statutory ejectment action pursuant to Code 1975, § 6-6-280, et seq.; rather, it is a bill to quiet title pursuant to § 6-6-540, et seq., wherein superiority of title as among these claimants asserting title and right of possession is the appropriate test. See, Dake v. Inglis, 239 Ala. 241, 194 So. 673 (1940).
Therefore, we affirm the trial court’s ruling as to the ownership of the property which it resolved. With respect to the ownership of the remainder of the property which the trial court did not resolve, however, we reverse and remand this cause for further consideration by the trial court.
We conclude with a word of caution: our remand of this cause referencing the Code section styled “Right of Action to Settle Title” is not to be construed as commenting upon the validity of the Griffins’ claim, either as to its jurisdictional requisites (e.g., whether at the time of filing the suit they were in “peaceable possession”), or as to its merits. Rather, our remand is in the spirit recognized by the trial court when it observed that “it is highly desirable that [this long dispute] be resolved at this time,” and the remand is based on our conclusion that the initial resolution of that dispute is best left to the trier of fact.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.