Sally Virginia Gardner, the defendant/counter-plaintiff, appeals from a summary judgment entered in favor of Neuman Lee Key, the plaintiff/counter-defendant, in an action to quiet title to a parcel of land located in Walker County, Alabama.
In December 1936, Nora and M. Aaron executed a deed to Sylvester B. Allison, Gardner's brother, and Ewel Dunagan, Gardner's husband at that time, conveying property located in the south one-half of the southeast quarter of section 22, township 12, range 7 west, in Walker County. Shortly after this conveyance, a mortgage was executed in favor of the Aarons. After title to the property was transferred, the property was divided between Allison and Dunagan, in trust for Dunagan's minor wife, "Virginia" (Sally Virginia Gardner). Allison and Dunagan each paid $50 per year toward satisfaction of the mortgage. Dunagan and Gardner separated in 1937. *Page 44 
Gardner contends that after they separated, Dunagan executed a deed conveying his interest in the property to her. However, that alleged deed was never recorded and does not appear in the chain of title to the property. Examination of the chain of title does, however, indicate that the mortgage on the property was foreclosed against Allison and Dunagan by Nora Aaron in 1939. That same year, Nora Aaron, by warranty deed, conveyed the property to Allison. In 1974, after realizing that her prior deed to the property (the alleged deed from Dunagan to Gardner in 1937) had never been recorded, Gardner located Dunagan and had him execute another deed purportedly conveying the property to her. Gardner did, in fact, record the 1974 deed and, under that deed, claims an interest in the property.
On appeal, Gardner contends that the trial court erred in entering a summary judgment for Key, arguing that at the time Key's summary judgment motion was granted, there existed substantial evidence regarding triable issues of fact material to her counterclaim.[1] She further contends that because the consideration for the purchase of the property was paid by her or on her behalf, a constructive, or resulting, trust in her favor should be imposed on all, or a portion of, the property. Key contends that Gardner is barred from asserting any claim to the property pursuant to a constructive or resulting trust, because of the doctrine of repose.
In an action to quiet title, the appropriate test is to determine which among the parties claiming right of title and possession holds superior title. Griffin v. Bean, 491 So.2d 938
(Ala. 1986); Dake v. Inglis, 239 Ala. 241, 194 So. 673 (1940).
Key, in support of his motion for summary judgment, submitted to the trial court an affidavit from the deputy revenue assessor of Walker County, stating that from 1940 through 1974 the ad valorem taxes for the property had been assessed in the name of S.B. Allison, Key's predecessor in title. Further, Key presented certified copies of deeds to the property showing that he and his predecessors in title had held legal title to the property since 1927. A review of the chain of title clearly shows that Dunagan held no interest in the property at the time he executed the deed to Gardner in 1974. The interest once held by Dunagan had been lost by foreclosure more than 30 years before he executed the 1974 deed purportedly conveying the property to Gardner. Clearly, Gardner has no legal claim to the property under that deed.
With regard to Key's argument concerning the doctrine of repose, this Court addressed that principle in Boshell v.Keith, 418 So.2d 89, 91 (Ala. 1982):
 "Since McArthur v. Carrie's Admr., 32 Ala. 75
(1858), this State has followed a rule of repose, or rule of prescription, of 20 years. This principle of repose or prescription is similar to a statute of limitations, but not dependent upon one, and [is] broader in scope. Scott v. Scott, 202 Ala. 244, 80 So. 82 (1918); Patterson v. Weaver, 216 Ala. 686, 114 So. 301 (1927). It is a doctrine that operates in addition to laches. Unlike laches, however, the only element of the rule of repose is time. It is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence [has been] obscured. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820 (1935); 30A C.J.S., Equity § 113 (1965), at p. 33. It operates as an absolute bar to claims that are unasserted for 20 years. Roach v. Cox, 160 Ala. 425, 49 So. 578 (1909)."
(Emphasis added.) In the case before us, Gardner testified at her deposition that she knew in 1936 that legal title to the property was taken in the name of her then husband, Dunagan, and her brother, Allison. Thus, she delayed over 40 years before commencing any legal action that could vest her with title to the property.
Key made a prima facie showing that he held superior title to the property. After this showing, it was incumbent upon Gardner *Page 45 
to rebut Key's showing by substantial evidence. Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989). She failed to do so. Further, we agree with Key's argument that, because of Gardner's excessive delay, she is precluded from asserting a legal claim to the property under the doctrine of repose. Therefore, the trial court correctly entered the summary judgment for Key.
That judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] Because this action was commenced after June 11, 1987, the "substantial evidence rule" must be applied. See Ala. Code 1975, § 12-21-12.