WRIGHT, Retired Appellate Judge.
Sarah Kimbrell, as conservator of the estate of Ruth C. Hudson, filed a complaint in the Walker County Circuit Court against Evelyn Hinds, seeking to quiet title to 80 acres of real property in Ruth C. Hudson. Hinds answered and counterclaimed, alleging that she had good title to the property and seeking compensatory damages. Hinds also filed a third-party complaint against Cleveland Land and Lumber Company. The successors to Cleveland Land and Lumber Company— Terry Kay Simmons; T.R. Simmons II; Albert H. Simmons; Josephine S. Panky; Julia Ann S. Clerge; and John Gregory Simmons (successors) — answered. Following oral proceedings, the trial court entered a judgment, finding the doctrine of repose applicable to Hinds’s predecessors-in-interest and quieting title in Kimbrell and the successors.
Hinds appeals, contending that the trial court erred in quieting title in Kimbrell and the successors. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
“In an action to quiet title, the appropriate test is to determine which among the parties claiming right of title and possession holds superior title.” Gardner v. Key, 594 So.2d 43, 44 (Ala.1991) (citations omitted).
The real property at issue is 80 acres in Walker County, Alabama. The chain of title to the property is as follows:
[[Image here]]
*27 [[Image here]]
*28 [[Image here]]
*29 [[Image here]]
After examining the evidence and the chain of title presented to the trial court, we conclude that other parties of interest who have colorable title to the property were not included as parties. However, the issue presented to the trial court and to this court is merely between these parties, which is who holds superior title to the 80 acres of property.
The doctrine of repose was addressed in Boshell v. Keith, 418 So.2d 89 (Ala.1982), our supreme court stated as follows:
“Since McArthur v. Carrie’s Admr., 32 Ala. 75 (1858), this State has followed a rule of repose, or rule of prescription, of 20 years. This principle of repose or prescription is similar to a statute of limitations, but not dependent upon one, and [is] broader in scope. Scott v. Scott, 202 Ala. 244, 80 So. 82 (1918); Patterson v. Weaver, 216 Ala. 686, 114 So. 301 (1927). It is a doctrine that operates in addition to laches. Unlike laches, however, the only element of the rule of repose is time. It is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence [has been] obscured. Wilkerson v.Wilkerson, 230 Ala. 567, 161 So. 820 (1935); 30A C.J.S., Equity § 113(1965), at p. 33. It operates as an absolute bar to claims that are unasserted for 20 years. Roach v. Cox, 160 Ala. 425, 49 So. 578 (1909).”
418 So.2d at 91. See also Gardner, supra.
From 1861 until 1959, neither William Pruitt nor his heirs did anything, including paying property taxes, to assert a claim to the property. Hinds’s title is derived from William Pruitt. Therefore, we conclude that the trial court did not err in applying the doctrine of repose to bar Hinds’s claim to the property and in quieting title in Kimbrell and the successors.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.