MADDOX, Justice.
The issue in this case is whether Code 1975, § 35-10-8,[1] allowing the sale of real property under a power of sale clause contained in a mortgage, after notice by publication only, is violative of the Fifth and Fourteenth Amendments to the United States Constitution.
This case is due to be affirmed on the authority of Levine v. Stein, 560 F.2d 1175 (4th Cir.1977), cert. denied, 434 U.S. 1046, 98 S.Ct. 891, 54 L.Ed.2d 797 (1978) (foreclosure under a power of sale clause by a private lender does not involve sufficient state action to come under Fourteenth Amendment scrutiny). See also, Rank v. Nimmo, 677 F.2d 692 (9th Cir.1982), cert. denied, 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982); Warren v. Government National Mortgage Association, 611 F.2d 1229 (8th Cir.1980), cert. denied, 449 U.S. 847, 101 S.Ct. 133, 66 L.Ed.2d 57 (1980).
At any rate, the facts in this case show that on April 10, 1984, the United States Bankruptcy Court for the Northern District of Alabama entered an order allowing the mortgagee to foreclose its mortgage. Thus, the mortgagor here had this additional notice that the mortgagee was authorized to foreclose.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ.

. “Notice of said sale shall be given in the manner provided in such mortgage or deed of trust or in this Code in the county where the mortgagor resides and the land, or a part thereof, is located; but, if said mortgagor does not reside in the county where the land or any part thereof is located, then such notice must be published in the county where the land, or any material part thereof, is located; provided, that notice of all sales under powers of sale contained in mortgages and deeds of trust shall be given by publication once a week for three successive weeks in some newspaper published in the county in which such land or any portion thereof is situated, and said notice of sale must give the time, place and terms of said sale, together with a description of the property to be sold.” (Emphasis added.)