PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/28/2000
THOMAS K. KAHN
CLERK

-------------------------------------------
No. 98-4217
-------------------------------------------
D. C. Docket No. 97-03322-CIV-JLK


JAMES CARROLL PILLOW, JR.,
MICHAEL R. SEWARD,

Plaintiffs-Appellants,

versus


BECHTEL CONSTRUCTION, INC.,

Defendant-Appellee.


-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------------
**(January 28, 2000)**


Before EDMONDSON and BARKETT, Circuit Judges, and COHILL*, Senior
District Judge.

_____
*Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District
of Pennsylvania, sitting by designation.

PER CURIAM:

Plaintiffs filed a complaint seeking interest on the damages which they received from Defendant pursuant to a settlement agreement which was approved by the Secretary of Labor. The district court dismissed the complaint for lack of subject matter jurisdiction. We affirm.

BACKGROUND

Over a decade ago, James Pillow, with the assistance of his attorney Michael Seward, brought an administrative action against Bechtel Construction pursuant to the employee protection ("whistleblower") provisions of the Energy Reorganization Act of 1974 ("ERA"), 42 U.S.C. § 5851. In 1993, the Secretary of Labor ("Secretary") found that Bechtel violated the statute's whistleblower provisions and remanded the action to an administrative law judge ("ALJ") for a hearing on damages. At the resulting hearing, the parties announced that they had reached a settlement on all remanded issues. The parties did not submit a written settlement agreement, but instead relied upon statements made on the record to encompass the entire agreement.

2

The parties agreed that Bechtel would pay $25,000 in back pay and interest to Pillow, $25,000 in compensatory damages to Pillow, and $250,000 in attorney's fees to Seward. And, the parties expressly agreed that the settlement did not cover the issue of liability and would not prejudice Bechtel's right to appeal that issue to us. Although noting that the disparity between Pillow's recovery and Seward's fee was considerable, the ALJ said that he did not consider the attorney's fee excessive, particularly given Bechtel's acceptance of the negotiated amount. The ALJ recommended that the agreement be accepted by the Secretary.

Shortly after the hearing, Pillow submitted a letter to the Secretary of Labor requesting that the Secretary double the amount that he was to receive pursuant to the settlement. Because of the letter, the Secretary wrote "there appears not to be consent of all parties to the settlement terms addressed at the hearing on remand. Accordingly, I will order the parties to submit [within 60 days] a written settlement agreement signed by [Pillow, Seward, and Bechtel]."

The parties submitted a written, signed stipulation that provided for the same terms as outlined at the hearing. In 1994, the Secretary approved and adopted the stipulated amounts of backpay and interest, compensatory damages, costs and attorney's fees. He used these words:

3

[A]bsent judicial review or if a reviewing court affirms that Bechtel is liable, it is ordered that:

1. Respondent Bechtel Construction, Inc. will pay Complainant James Carroll Pillow, Jr., back pay and interest in the amount of $25,000, and compensatory damages in the amount of $25,000, for a total sum of $50,000.

2. Respondent will pay attorney Michael R. Seward the sum of $250,000.

We affirmed the Secretary's determination that Bechtel had violated the ERA.

See Bechtel Construction v. Secretary of Labor, 98 F.3d 1351 (11th Cir. 1996).

Shortly thereafter, Pillow and Seward filed with the Department of Labor an emergency motion seeking an order compelling Bechtel to pay immediately the $300,000 as partial payment of the award. Bechtel responded that the only reason that it had not paid the $300,000 was that "Pillow has told us he would not accept anything less than $365,000, else he would engage [Bechtel] in additional litigation." Pillow and Seward claimed that interest had accrued on the $300,000 during the pendency of the appeal and that they were now entitled to $365,000. Bechtel disagreed and believed that the payment of $300,000 would satisfy its obligation.

In 1997, Bechtel was ordered to pay $300,000 then to Pillow and Seward; and the parties were instructed to submit documents relevant to the subject of interest and a brief on the issue. In its brief, Bechtel argued that, because a final order of the

4

Secretary of Labor was at issue, 42 U.S.C. § 5851(e) provided that the United States District Court -- and not the Administrative Review Board ("ARB") -- had jurisdiction over the matter.[1] The ARB agreed and stated that, once a final decision has been issued, the ARB lacks jurisdiction over a dispute about the proper interpretation of a settlement agreement.

Plaintiffs then filed a complaint in district court seeking an award of interest from the time that the settlement agreement was announced until the time we affirmed the Secretary's finding that Bechtel was liable. Bechtel filed a motion to dismiss, claiming that the district court lacked subject matter jurisdiction over the controversy and contending that "Plaintiffs have sued Bechtel pursuant to 42 U.S.C. § 5851, where the jurisdiction of this [c]ourt is limited to the enforcement of orders issued by the Secretary of Labor. Here, the Plaintiffs have sued for something never ordered by the Secretary. Thus, the complaint must be dismissed." Bechtel said that the order from the Secretary required Bechtel to pay $300,000 and did not mention post-award interest. As it was not disputed that Bechtel had already paid the $300,000, no

---

[1]    Section 5851(e)(1) says "Any person on whose behalf an order was issued [by the Secretary]…may commence a civil action against the person to whom such order was issued to require compliance with such order. The appropriate United States district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such order."

enforcement was necessary: the district court did not have jurisdiction. Plaintiffs never responded to Bechtel's motion to dismiss.

The district court granted Bechtel's motion, saying that, because Defendant paid the full amount ordered by the Secretary of Labor and "[b]ecause the Secretary's order in this case makes no provision for the post-judgment interest Plaintiffs seek, this Court does not have jurisdiction to hear Plaintiffs' claim."

### DISCUSSION

We review the dismissal of an action for lack of subject matter jurisdiction de novo. See Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998).

On appeal, Plaintiffs raise two arguments. The essence of Plaintiffs' first argument is that the parties had always "understood" that, during the pendency of any appeal, interest was to accrue on the amount the Secretary ordered that Bechtel pay Plaintiffs. Thus, when the Secretary "approved and adopted" their settlement agreement, the "understanding" about interest became part of the Secretary's order. Therefore, the district court, according to Plaintiffs, had jurisdiction over the complaint: it was an action to enforce an order of the Secretary.

We reject Plaintiffs' first argument. After the November 1993 hearing, the Secretary, to ensure that all parties consented to the terms of the settlement, required the parties to submit a written settlement agreement signed by -- and binding on -- the parties. Plaintiffs admit that this writing, which provided for the same terms that the parties had agreed to at the hearing and was the basis for the Secretary's order, did not mention post-award interest. And, the order itself makes no provision for post-award interest. The Secretary only explicitly approved, adopted, and ordered the payment of the stipulated amounts of backpay and interest, compensatory damages, costs and attorney's fees. Bechtel complied with this order. Neither the settlement agreement nor the Secretary's order made a provision for post-award interest. Plaintiffs' first argument, therefore, fails.

Plaintiffs' second argument is that post-award interest accrues as a matter of law on agency awards: it is inherently part of a Secretary's order, and the district court has jurisdiction to enforce the order of the Secretary.

This argument must fail as well. Plaintiffs do not cite to -- nor have we found -- statutory or regulatory authority for the proposition that a final order by the Secretary of Labor which awards damages (but says nothing about post-award interest) to a Plaintiff automatically accrues post-award interest as a matter of law. Plaintiffs mistakenly rely on cases construing 28 U.S.C. § 1961(a), which provides for post-

7

judgment interest on any "money judgment in a civil case recovered in a district court." Section 1961, by its own terms, is inapplicable in this case: no recovery of a money judgment in a district court is involved. See Hobbs v. Director, Office of Workers Compensation Programs, 820 F.2d 1528, 1531 (9th Cir. 1987) (stating that Section 1961 is limited to money judgments in civil cases recovered in a district court and does not extend to agency awards); Gulf Oil Corp. v. Federal Power Comm'n, 563 F.2d 588, 610 (3d Cir. 1977) (stating that Section 1961 applies by its terms only to civil cases in the district courts).

By the way, not only do Plaintiffs fail to cite to statutory or regulatory authority for post-award interest, they do not cite to -- nor have we found -- a final order or ruling by the Secretary of Labor which says that post-award interest accrues as a matter of law on agency awards. We conclude that post-award interest does not innately arise from a money award such as the one ordered by the Secretary in this case.

Bechtel has complied with the terms of the Secretary's order. So, no enforcement of an order of the Secretary was necessary. Therefore, the order of the district court dismissing this action for lack of subject matter jurisdiction is AFFIRMED.

**AFFIRMED.**

8