[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

No. 09-15988
Non-Argument Calendar
_____

D. C. Docket No. 08-01002-CV-N

CROOKED CREEK PROPERTIES, INC.,
a Nevada corporation, whose principle place
of business is located in Bakersfield, California,

Plaintiff-Appellant,

versus

RICHARD ENSLEY, PATRICIA ENSLEY,
ANITA LILES, CHARLES EDMONDSON,
ES CAPITAL, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 28, 2010)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Crooked Creek Properties, Inc. ("Crooked Creek") appeals from the district court's order dismissing its amended complaint under Federal Rule of Civil Procedure 12(b)(6). Asserting that the defendants had improperly taken control of the Danya Apartments in Autauga County, Alabama, Crooked Creek brought claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1968, various federal criminal statutes, and state law. The district court found that Crooked Creek's claims were foreclosed by the doctrine of res judicata, because these claims had previously been adjudicated by the Autauga County Circuit Court.[1] We affirm.

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Swann v. S. Health Partners, Inc., 388 F.3d 834, 836 (11th Cir. 2004). "The district court's application of res judicata is a question of law which is reviewed de novo." Griswold v. County of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010).

---

[1] The district court also determined that (1) no private cause of action existed for the claims alleging violations of federal and state criminal statutes, and (2) Crooked Creek failed to state a RICO claim against Charles Edmondson, because the allegations focused solely on his provision of legal services to the other defendants. Crooked Creek has not challenged these aspects of the district court's ruling, and we therefore deem these claims abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

"When we are considering whether to give *res judicata* effect to a state court judgment, we 'must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation.'" Green v. Jefferson County Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009) (quoting Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308–09 (11th Cir. 2006)). Accordingly, in this case, Alabama's res judicata principles apply. Under Alabama law, "[t]he elements of *res judicata*, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." Dairyland Ins. Co. v. Jackson, 566 So. 2d 723, 725 (Ala. 1990). "'If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation.'" Chapman Nursing Home, Inc. v. McDonald, 985 So. 2d 914, 919 (Ala. 2007) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So. 2d 634, 636 (Ala. 1998)).

The district court found each element of res judicata satisfied. On appeal, Crooked Creek does not contest the district court's findings with respect to the first or third elements. It does, however, assert that the second element was not met because the Autauga Court lacked subject-matter jurisdiction to enter its judgment. Crooked Creek next disputes the existence of the fourth element, contending that

the causes of action were different because the defendants' illegal conduct occurred after the entry of the Autauga Court judgment in 2006. Finally, Crooked Creek asserts that the Autauga Court judgment is void for want of due process because issues relating to the validity of Richard Ensley's employment contract should have been decided by a jury. None of Crooked Creek's arguments are persuasive.

First, Crooked Creek is incorrect in asserting that the Autauga Court judgment is void for lack of subject-matter jurisdiction. Although Crooked Creek argues that the Autauga Court judgment was an impermissible collateral attack on a consent order entered by a different state court, it was Crooked Creek's predecessor in interest that initiated the Autauga Court litigation in order to establish the priorities of the parties' claims to the Danya Apartments. In Alabama, an action to determine the validity of title to real estate "must be commenced where the land is situated," which in this case is Autauga County. Ex parte Pratt, 514 So. 2d 947, 949 (Ala. 1987). An action to quiet title, such as the one brought by Crooked Creek's predecessor in interest, gives the circuit court jurisdiction "'to determine and settle [title] as between the [plaintiff] and the defendants.'" Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Ass'n, 947 So. 2d 1031, 1036 (Ala. 2006) (alteration in original)

4

(quoting Dake v. Inglis, 194 So. 673, 674 (Ala. 1940)). And "[w]hen jurisdiction has attached the court has a right to decide every question duly presented and arising on the case." Fife v. Pioneer Lumber Co., 185 So. 759, 762 (Ala. 1939).

Having lost before the Autauga Court, Crooked Creek is now assailing that court's judgment by arguing that the Autauga Court erroneously disregarded a consent order entered by another Alabama state court. Even if it were true that the Autauga Court erred, however, this would not mean that the Autauga Court lacked subject-matter jurisdiction. "'The simple fact that a court has erroneously applied the law does not render its judgment void.'" Neal v. Neal, 856 So. 2d 766, 781 (Ala. 2002) (quoting Halstead v. Halstead, 299 So. 2d 300, 301 (Ala. 1974)).

Second, Crooked Creek is incorrect in asserting that res judicata is inapplicable because the defendants' wrongful conduct occurred after the Autauga Court entered its judgment in 2006. Crooked Creek's amended complaint in this action does not differentiate between pre- and post-2006 conduct. Rather, it alleges that the defendants have engaged in ongoing wrongs such as extortion, trespass, conspiracy, conversion of rental checks, and tortious interference with Crooked Creek's business relations. All of these claims rest on the same underlying theory: that Crooked Creek is the legal owner of the Danya Apartments. Because ownership of the Danya Apartments was fully litigated and

5

decided adverse to Crooked Creek's predecessor in interest during the Autauga Court proceeding, Crooked Creek's present assertions concerning the defendants' post-2006 conduct do not preclude the application of res judicata in this case. See Chapman Nursing Home, 985 So. 2d at 921 ("'Res judicata applies not only to the *exact legal theories* advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts.'" (quoting Old Republic Ins. Co. v. Lanier, 790 So. 2d 922, 928 (Ala. 2000))).

Finally, Crooked Creek is incorrect in asserting that the Autauga Court judgment was void for lack of due process. "It is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing." Frahn v. Greyling Realization Corp., 195 So. 758, 761 (Ala. 1940). Crooked Creek's predecessor in interest was accorded due process in the Autauga Court proceedings: she was represented by counsel, filed her own summary judgment motion, responded to the defendants' summary judgment motion, and presented oral argument to the court. Crooked Creek's argument on appeal—that it offered sufficient evidence to create a jury issue as to the validity of Ensley's employment contract—is nothing more than an attack on the Autauga Court's application of the summary judgment standard. As set out above, even an

6

erroneous application of law does not render a judgment void for purposes of res judicata.  See Neal, 856 So. 2d at 781.

We agree with the district court that res judicata forecloses Crooked Creek's claims.  Accordingly, we **AFFIRM** the district court's dismissal of Crooked Creek's amended complaint.