[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

No. 10-14477

_____

D. C. Docket No. 2:09-cv-01104-WKW-WC

CROOKED CREEK PROPERTIES, INC.,
A Nevada corporation, whose principal place
of business is located in Bakersfield, California,

Plaintiff-Appellant,

versus

GEORGE HUTCHINSON,
DONALD HUTCHINSON,
individually and as trustee of the George Ellis
Hutchinson, Jr. Present interest No. 1 trust,
DAVID A. MCDOWELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 30, 2011)

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and SANDS,[*] District Judge.

PER CURIAM:

Appellant Crooked Creek Properties, Inc., ("Crooked Creek") appeals the district court's grant of Appellees' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss in favor of Appellees on the ground that Crooked Creek's claim is barred by the doctrine of res judicata and is an impermissible collateral attack on a judgment entered by the Circuit Court of Autauga County, Alabama in 2006.

A Federal Rule of Civil Procedure 12(b)(6) motion for dismissal of a complaint for a failure to state a claim is reviewed *de novo*. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). "A correct judgment may be affirmed on any grounds regardless of the grounds addressed, adopted or rejected by the district court." *Sosa v. Chase Manhattan Mortg. Corp.*, 348 F.3d 979, 983 (11th Cir. 2003). "The district court's application of res judicata as a question of law which is reviewed *de novo*." *Griswald v. Cnty. of Hillsborough,* 598 F.3d 1289, 1292 (11th Cir. 2010).

In comparing the dispositive order entered by the district court in the

---

[*]Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

2

present case with the Circuit Court of Autauga County's judgment, we conclude that the claims made by Crooked Creek in this case, other than its claim that it did not receive adequate notice in violation of the Fourteenth Amendment Due Process Clause, undeniably involve the same parties, subject matter and facts as in the Autauga County case.[1] The due process claim, while not barred by res judicata, is meritless because a foreclosure sale by a private mortgagee does not involve state action. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 358–60 (5th Cir. 1977) (finding no due process violation in private foreclosure sale because there was no state action nexus);[2] *Faith Cathedral Church of God in Christ v. Booker T. Washington Ins. Co.*, 481 So. 2d 369, 370 (Ala. 1985) (holding that a foreclosure sale by a private party with notice published pursuant to Alabama statute did not violate due process). Thus, after reviewing the briefs and the extensive record in this case, we affirm the district court's grant of Appellees' motions to dismiss based on the district court's well-reasoned order filed on September 10, 2010, and

---

[1]Indeed, the claims in the instant case, other than the due process claim based on insufficient notice of the foreclosure, involve the same facts and subject matter, though different defendants, as a case whose dismissal we affirmed, on res judicata grounds, only a year ago. *See Crooked Creek Properties, Inc. v. Ensley,* 380 Fed. Appx. 914 (11th Cir. May 29, 2010).

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

because the due process claim fails as a matter of law.[3]

AFFIRMED.[4]

---

[3]We also grant Appellees' motions for attorneys fees and costs filed pursuant to Rule 38 of the Federal Rules of Appellate Procedure and remand this case to the district court to determine the amount of fees and costs to be awarded.

[4]Although this case was originally scheduled for oral argument, it was removed from the oral argument calendar by unanimous consent of the panel members. *See* 11th Cir. Rul 34-3(f). Because we dispense with this case without oral argument, attorney Gatewood Walden's Motion to Allow Suspended Attorney to Argue Client's Case is DENIED as moot.