[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14642
_____

D.C. Docket No. 3:06-cv-00016-CDL

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,
ex rel., et al.,

                                                                Plaintiffs,


DAVID L. LEWIS, Ph.D,
R.A. MCELMURRAY, III,
G. WILLIAM BOYCE,

                                                                Plaintiffs-Appellants,


versus


JOHN WALKER, Ph.D.,
JULIA W. GASKIN,
ROBERT B. BROBST,
WILLIAM P. MILLER, Ph.D.,
E. WILLIAM TOLLNER, Ph.D., et al.,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 26, 2011)

Before HULL and FAY, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

David Lewis, R.A. McElmurray III and G. William Boyce (collectively "Relators") appeal the District Court's order dismissing their *qui tam* action for lack of subject matter jurisdiction. The District Court found that the documents obtained by Relators, which form the basis of the *qui tam* action, were gathered through Freedom of Information Act ("FOIA") and Georgia Open Records Act ("GORA") requests and therefore fell within the public disclosure bar of the False Claims Act ("FCA"). After careful review of the record and counsels' briefs we affirm.

## I. BACKGROUND

On February 17, 2006, Appellants/Relators filed suit against several individuals employed by the United States Environmental Protection Agency, the

[*]The Honorable Clyde Roger Vinson, United States District Court for the Northern District of Florida, sitting by designation.

University of Georgia and the University of Georgia Research Foundation. Relators claimed that the individuals, Appellees, provided false information to the United States government in order to obtain research funds to investigate a variety of reported sewage sludge incidents on local Georgia farms, in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* Appellees filed various motions to dismiss which were all denied. On September 25, 2009, after extensive discovery, Appellees filed motions for summary judgment. On September 8, 2010, the District Court entered an order dismissing the case for lack of subject matter jurisdiction. The District Court held that all documents obtained through FOIA or GORA are considered "publically disclosed" for purposes of the FCA's public disclosure bar. Therefore, because Relators were not the "original source" of these documents, the District Court lacked jurisdiction. On October 5, 2010, Relators filed this timely appeal.

## II. DISCUSSION

We review the District Court's dismissal of an action for lack of subject matter jurisdiction *de novo*. *Pillow v. Bechtel Constr., Inc.*, 201 F.3d 1348, 1351 (11th Cir. 2000). When the determination of subject matter jurisdiction requires the Court to look at matters beyond the face of the complaint, the Court applies an analysis similar to the summary judgment standard. *Lawrence v. Dunbar*, 919

3

F.2d 1525, 1530 (11th Cir. 1990) (courts should apply "a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction"). This Court applies a three part inquiry to determine if subject matter jurisdiction over a *qui tam* FCA claim exists: "(1) have the allegations made by the plaintiff been publicly disclosed; (2) if so, is the disclosed information the basis of the plaintiff's suit; (3) if yes, is plaintiff an 'original source' of that information." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1252 (11th Cir. 2007) (citing *Battle v. Bd. of Regents,* 468 F.3d 755, 762 (11th Cir. 2006) (quoting *Cooper v. Blue Cross & Blue Shield of Fla.,* 19 F.3d 562, 565 n.4 (11th Cir. 1994))).

Appellants argue that the District Court erred in determining that documents obtained through the FOIA and GORA requests were "publically disclosed" for purposes of the FCA, thus barring the *qui tam* action. The FCA bars private parties from bringing *qui tam* suits based upon information that has been publicly disclosed "in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless . . . the person bringing the action is

4

the original source of the information." 31 U.S.C. § 3730(e)(4)(A).[1]  Appellants

contend that the holding in *United States ex rel. Kirk v. Schindler Elevator Corp.*,

601 F.3d 94 (2d Cir. 2010) is directly on point, and that because *Kirk* has been

granted certiorari by the United States Supreme Court, an affirmance by the

Supreme Court would require reversal of the District Court in this case.[2]  Because

the Supreme Court decided the public disclosure issue in Appellees' favor,

reversing the Second Circuit's decision in *Kirk*, we affirm.

Appellants based a large part of their argument on *Kirk*, and on the

assumption that the Supreme Court would affirm that an agency's written response

to a FOIA request was not a "report" for purposes of the FCA's public disclosure

bar to bringing certain *qui tam* actions.  However, in *Schindler Elevator Corp. v.*

*United States ex rel. Daniel Kirk*, -- U.S. --, 131 S. Ct. 1885 (2011), the Supreme

Court reversed the Second Circuit's ruling and found that a federal agency's

written response to a FOIA request for records constitutes a "report" within the

---

[1]On March 23, 2010, the President signed the Patient Protection and Affordable Care Act, which, among many other things, amended 31 U.S.C. § 3730(e)(4).  See Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 901 (2009).  Because Congress did not make this § 3730(e)(4) amendment retroactive to pending cases, we apply the prior version of § 3730(e)(4) that was in effect when Appellants filed their FCA claim.  *See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, ___ U.S. ___, 130 S. Ct. 1396, 1400 n.1 (2010).

[2]Appellants' Brief was filed November 16, 2010.  The Supreme Court heard argument in *Kirk* on March 1, 2011, and issued its opinion on May 16, 2011.

5

meaning of the FCA's public disclosure bar. Thus, the Court found that such information was publicly disclosed. Applying the Supreme Court's decision in *Kirk* to the facts of this case, it is clear that the information Appellants obtained through their FOIA and GORA requests falls within the FCA's public disclosure bar. Therefore, the information cannot support a *qui tam* action by Appellants unless Appellants fall under the "original source" exception. *See McElmurray*, 501 F.3d at 1251-52.

The FCA defines an "original source" as an "individual who has direct and independent knowledge of the information on which the allegations are based . . . ." 31 U.S.C. § 3730(e)(4)(B). Here, Appellants obtained their information through FOIA and GORA requests, previous litigation, government reports and a journal article. There is no indication in the record that Appellants had independent, undisclosed knowledge of any information regarding the alleged fraud. Toward the end of Appellants' brief, which was based almost entirely on the assumption that *Kirk* would be decided in their favor, Appellants make the conclusory assertion that they were the "original source" of the information and therefore it would not matter whether the information was ultimately held to be publicly disclosed under *Kirk*. Appellants cite no evidence to support this contention. Rather, it appears that Appellants reconstructed what they believed to

6

be the contents of the subject grant application, which was never provided nor publicly disclosed, from documents provided in response to GORA. Thus, Appellants claim that their compilation of the publicly disclosed information to reconstruct the grant application was independent information for which they were the original source.

The problem with this argument is that, based on the Supreme Court's ruling in *Kirk*, the GORA information that Appellants used to reconstruct the grant application is publicly disclosed, and Appellants point to no additional information which they held directly or independently of the public disclosures. The information which Appellants purportedly used to "compile" the grant application was available to anyone who wished to use it for the same purpose. Appellants further argue that they are the original source because, were it not for the lawsuits they filed in 1998, the grant application and related study would never have existed. Appellants' "but for" argument, however, does not establish that they were the "original source" of the information. *See United States ex rel. Dhawan v. N.Y. Med. Coll.*, 252 F.3d 118, 121 n. 3 (2d Cir. 2001) (remarking that, even if the government would not have performed an audit "*but for* plaintiff's request for an audit, this allegation would not suffice to show that they were the source of the core information") (emphasis in original); *United States ex rel.*

7

*Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1163 (10th Cir. 1999) (concluding that where "most of the core information contained in the . . . complaint came from [a third party's] independent research and investigation," the plaintiff's claim that it "provided the initial impetus for [the third party's] investigation" did not support a conclusion that the plaintiff was the "original source" of the information). Appellants did not have or provide any original information beyond what was publicly disclosed.

Because Appellants are not the "original source" of the information upon which their *qui tam* action is based, and because, under *Kirk*, the information is considered publicly disclosed, Appellants' *qui tam* action is barred. The District Court, therefore, correctly dismissed this *qui tam* action for lack of jurisdiction.

**AFFIRMED.**