[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11915
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00912-WKW-SRW


CROOKED CREEK PROPERTIES, INC., a Nevada corporation,

Plaintiff-Appellant,

versus

RICHARD ENSLEY, individually, d.b.a. Park Place Center, LTD., VENTURE
SERVICES, d.b.a. Danya Apartments Management Group, ANITA LILES,
individually, GEORGE HUTCHINSON, individually, GEORGE ELLIS
HUTCHINSON, JR. PRESENT INTEREST TRUST NO. 1,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 15, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Appellant Crooked Creek Properties, Inc. (Crooked Creek) appeals the dismissal of its claim against appellees Richard Ensley, Anita Liles, and George Hutchinson (Appellees), for lack of subject matter jurisdiction. The district court dismissed this case on April 7, 2015, after affording Crooked Creek an opportunity to cure the jurisdictional deficiencies in its Complaint, which Crooked Creek—a represented party—failed to do. After review,[1] and following additional opportunities to cure at the appellate level, we affirm.

On March 24, 2015, the district court independently raised the issue of whether it had subject-matter jurisdiction over this action. Although the Complaint predicated subject-matter jurisdiction on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), the Complaint contained insufficient allegations of citizenship as to Crooked Creek and as to two defendants, Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1. Rather than dismiss the Complaint, the district court granted Crooked Creek leave to cure the jurisdictional deficiencies. On March 30, 2015, Crooked Creek filed a Statement of Jurisdiction that: (1) stated that Crooked Creek was incorporated in Nevada and that its principal place of business was "Nevada and Alabama;" (2) stated that Appellees were citizens of Alabama; (3) failed to address the citizenship of Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1; and (4) alleged

---

[1] "We review the dismissal of an action for lack of subject matter jurisdiction *de novo*." *Pillow v. Bechtel Const., Inc.*, 201 F.3d 1348, 1351 (11th Cir. 2000).

that the district court had "jurisdiction and broad powers to remedy violations of the federal Constitution."

The district court dismissed the Complaint for lack of subject-matter jurisdiction on the basis that Crooked Creek could have only a single principal place of business and that if that place were Alabama then diversity jurisdiction would be lacking. *See Metro. Life Ins. Col. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) ("[A]ll [courts] agree that corporations have *one* 'principal' place of business for purposes of 28 U.S.C. § 1332(c)(1)."). Moreover, the Complaint and Statement of Jurisdiction remained insufficient to allege the citizenship of Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Finally, an allegation that the district court had "jurisdiction and broad powers to remedy violations of the federal Constitution" was insufficient to invoke federal-question jurisdiction because the Complaint did not plead "a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The complaint alleged only state-law causes of action, *see id.* at 513 n.10 (explaining that a claim is not colorable "if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous"

3

(quotation marks omitted)), and did not contain any allegations suggesting that any of the defendants were state actors, *see, e.g.*, *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1348-49 (11th Cir. 1999) ("The Equal Protection Clause . . . is a guarantee of protection against unjust *state* action; it does not reach the conduct of private individuals."); *Jeffries v. Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982) (explaining that "the fourteenth amendment proscription against deprivations of property without due process of law reaches only government action and does not inhibit the conduct of purely private persons in their ordinary activities"). Crooked Creek appealed.

Crooked Creek has filed various motions with this Court in an effort to establish jurisdiction. The first of these motions was a motion to amend the jurisdictional allegations of its Complaint. This Court denied that motion on the basis that the proposed amendments did not establish federal-question jurisdiction and did not correct the jurisdictional deficiency as to Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1. Crooked Creek then moved to dismiss Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1 as unnecessary parties. *See* Fed. R. Civ. P. 19; Fed. R. Civ. P. 21. We remanded to the district court for the purpose of determining whether Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1 were unnecessary parties. The district court determined that Venture Services and

4

the George Ellis Hutchinson, Jr., Present Interest Trust No. 1 were unnecessary parties and dismissed them pursuant to Rules 19 and 21. But the district court also determined that it could not proceed on the merits due to still-insufficient allegations of the corporate citizenship of Crooked Creek. Reasoning that a full remand would be futile, the district court returned the record in this case to the court of appeals.

The record reflects that Crooked Creek has been given multiple opportunities to cure the jurisdictional defects in this case, and that each time Crooked Creek has failed to do so. First, the Complaint was insufficient to establish diversity jurisdiction. Second, the Statement of Jurisdiction submitted to the district court on March 30, 2015, was insufficient—both as to Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1, and as to Crooked Creek itself—notwithstanding the fact that the district court gave Crooked Creek explicit instructions regarding the allegations required to establish jurisdiction. Third, Crooked Creek failed to establish jurisdiction when it moved this Court to amend the jurisdictional allegations in its Complaint. This Court denied the motion on the basis that the proposed amendments did not correct the jurisdictional deficiency. Fourth, Crooked Creek failed to address our jurisdictional concerns by moving to dismiss Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1. In particular, the motion to

dismiss did not address the second jurisdictional defect—an ongoing failure to allege the corporate citizenship of Crooked Creek.  Fifth, Crooked Creek did not attempt to cure the jurisdictional issue on remand.  Our order on remand permitted the district court to determine whether it could proceed on the merits after dismissing Venture Services and the George Ellis Hutchinson, Jr., Present Interest Trust No. 1.  But Crooked Creek did not argue to the district court that full remand would be appropriate.  Instead, Crooked Creek characterized the question of whether a jurisdictional defect still existed as "gratuitous" and "irrelevant."

Crooked Creek now concedes that its allegations as to diversity in its Complaint "were insufficient," that listing its principal place of business as both Nevada and Alabama was "superfluous," and that it "incorrectly assumed that a corporation's domicile is also the place where it is a citizen."  And Crooked Creek again requests an opportunity to cure these jurisdictional defects by alleging that its sole principal place of business is Nevada.  But Crooked Creek is represented by legal counsel, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that the allegations of *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"), and has been afforded ample opportunity to establish diversity jurisdiction, *see King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) ("The burden to show the jurisdictional fact of diversity of citizenship is on the plaintiff." (quoting *Slaughter v. Toye Bros. Yellow Cab Co.*,

6

359 F.2d 954, 956 (5th Cir. 1966))).  Although "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, courts may deny a motion to amend on the basis of "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009).  This Court will not provide Crooked Creek with a sixth opportunity to refine its jurisdictional allegations.  We therefore affirm the dismissal of this matter for lack of subject matter jurisdiction.[2]

 **AFFIRMED.**

---

[2] Crooked Creek's Motion for Reconsideration of our April 14, 2016, order denying Crooked Creek's motion for summary judgment, and denying as moot several other pending motions, is DENIED.  All other outstanding motions are DENIED as moot.