[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10958
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00905-WKW-TFM

CROOKED CREEK PROPERTIES, INC.,
a Nevada corporation,

Plaintiff-Appellant,

versus

RICHARD ENSLEY and ANITA LILES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 1, 2017)

Before MARCUS, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

For the fourth time now, we find ourselves reviewing claims asserted by Appellant Crooked Creek Properties, Inc., concerning its purported ownership of the Danya Park Apartments in Autauga County, Alabama.[1]  This time, Crooked Creek appeals from the district court's order dismissing its nine-count complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court found that Crooked Creek's claims were foreclosed by the doctrine of res judicata because the claims had already been adjudicated by the Autauga County Circuit Court in 2006.[2]

We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6). *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir.1998).  A district court's application of res judicata is also reviewed *de novo*. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

On appeal, Crooked Creek argues that, as the fee-simple absolute owner of the Danya Park Apartments, it has standing to maintain this action and cannot be

---

[1] This Court has addressed substantially the same facts at issue here in three prior appeals. *See Crooked Creek Properties, Inc. v. Ensley*, No. 2:08-CV-1002-WKW, 2009 WL 3644835 (M.D. Ala. Oct. 28, 2009), *aff'd,* 380 F. App'x 914 (11th Cir. 2010) ("*Crooked Creek I*"); *Crooked Creek Properties, Inc. v. Hutchinson*, No. 2:09-CV-1104-WKW, 2010 WL 3629818 (M.D. Ala. Sept. 10, 2010), *aff'd,* 432 F. App'x 948 (11th Cir. 2011) ("*Crooked Creek II*"); *Crooked Creek Properties, Inc. v. Ensley*, No. 2:14-CV-912-WKW, 2015 WL 12940177, at *2 n.3 (M.D. Ala. Apr. 7, 2015), *aff'd,* 660 F. App'x 719 (11th Cir. 2016) ("*Crooked Creek III*").

[2] The district court also granted Appellees' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, enjoining Crooked Creek from filing any future actions relating to the ownership of the Danya Park Apartments without first seeking leave of the district court.  Since Crooked Creek has not appealed the district court's decision to award Rule 11 sanctions in favor of the Appellees, it is deemed to have abandoned any challenge on that ground. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

bound by any court orders involving Willadean Walden because Walden is not Crooked Creek's predecessor.  Crooked Creek's arguments about the chain of title to the Danya Park Apartments must fail because Crooked Creek itself has previously acknowledged that it is Walden's successor-in-interest to her ownership interest in the Danya Park Apartments.  *See Crooked Creek I.*  Because Walden has already fully litigated the issues Crooked Creek attempts to raise here,[3] we agree with the well-reasoned decision of the district court that Crooked Creek's claims are foreclosed by the doctrine of res judicata.

**AFFIRMED**.

---

[3] *See, e.g.*, *Walden v. Hutchinson*, 987 So. 2d 1109 (Ala. 2007); *Walden v. ES Capital, LLC*, 89 So. 3d 90 (Ala. 2011).