**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12004

Non-Argument Calendar

————————————————

AHMED SHAIKH,

*Plaintiff-Appellant,*

*versus*

FOX NEWS NETWORK, LLC,
PARAMOUNT GLOBAL,
WARNER BROS. DISCOVERY, INC.,
NBCUNIVERSAL MEDIA, LLC,
THE WALT DISNEY COMPANY,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01894-WWB-RMN

————————————————

Before NEWSOM, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ahmed Shaikh, proceeding pro se, sued five media companies for violating the federal Electronic Communications Privacy Act ("ECPA") and Florida's Security of Communications Act and for committing the Florida torts of intrusion and intentional infliction of emotional distress. He alleged both diversity jurisdiction and federal question jurisdiction. The media companies moved to dismiss, arguing, among other things, that the District Court lacked subject matter jurisdiction. The District Court agreed and dismissed the case. We affirm.

## I.

In a 267-page complaint, Shaikh alleged that while he was a student at St. Thomas University College of Law in Miami, Florida, professors at the school hacked his cell phone and laptop and installed hidden cameras with audio capability in his apartment and car. Then, with the help of law enforcement, they disseminated remote access to the devices and hidden cameras to various businesses. Shaikh later withdrew from law school and moved to Orlando, Florida. He alleged that, similar to what occurred in Miami, workers installed cameras with audio capability in his Orlando apartment, and people and businesses in Orlando were given access to those cameras.

Shaikh claimed that Fox News Network, LLC ("Fox News"); Paramount Global; Warner Bros. Discovery, Inc.; NBCUniversal Media, LLC ("NBC"); and The Walt Disney Company ("Disney") all illegally accessed the devices and cameras and used AI mind-

reading technology provided by the federal government to read his thoughts.[1]

As support for his claims, Shaikh explained, among other things, that various entertainment programs run by the media companies referenced phrases he had stated in his car, stated in Zoom interviews, searched on the internet, and typed in the complaint he was drafting for his lawsuits. They referenced specific songs he had listened to and memories he had. They showed images that mirrored expressions he made, chose guests based on his thoughts, and chose sponsors based on his internet search history. People in the various entertainment programs wore clothing similar to what he wore at home, engaged in actions similar to what he did in his car, and visibly and audibly reacted to his thoughts and actions while on screen. They also used and emphasized certain words to mock him, let him know they were watching him, and acknowledge their wrongful conduct.

The media companies filed motions to dismiss on various grounds.[2] They argued, as relevant here, that (1) the Court had no jurisdiction over the case because the complaint's allegations were

---

[1] Shaikh made similar allegations against various other individuals and entities, including Publix, Starbucks, Moe's, all NBA players, the NBA Commissioner, Ron Desantis, Ashley Moody, Merrick Garland, Chris Wray, the University of Central Florida, the University of Florida, and various law firms for which Shaikh has worked. Because none of these businesses or individuals are named defendants in this case, we omit their details for simplicity.

[2] Paramount Global, WarnerBros. Discovery, and NBC filed a joint motion. Fox News and Disney each filed their own motions.

insubstantial and frivolous and (2) the complaint failed to state a claim because it was devoid of plausible allegations. Shaikh responded to their motions and filed a Rule 11(c)(2) motion for sanctions against Disney for allegedly making false representations. The Magistrate Judge agreed with the media companies' jurisdictional arguments and did not address their other arguments. He issued a report and recommendation ("R&R") to grant the media companies' motions, to dismiss Shaikh's claims as "patently insubstantial under Rule 12(b)(1)," and to terminate all pending motions.

Shaikh objected,[3] arguing that the Magistrate Judge failed to properly consider evidence, disguised a merits-based challenge as a jurisdictional one, and made factual misrepresentations in his R&R. Shaikh also argued that the recommendation to terminate all pending motions was an attempt to "protect Disney from perjury." Shaikh then filed more motions, including a motion to submit a forensic report he prepared and a motion to supplement his pleadings regarding the media companies' agency relationships. The District Court overruled Shaikh's objections and adopted and confirmed the R&R. It dismissed Shaikh's complaint for lack of jurisdiction and directed the Clerk of Court to terminate all pending motions and close the case.

Shaikh timely appeals.

---

[3] Shaikh filed a "response" to the report and recommendation, which the District Court construed as an objection.

## II.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Pillow v. Bechtel Const., Inc.*, 201 F.3d 1348, 1351 (11th Cir. 2000).

Federal district courts are courts of limited jurisdiction. *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1193 (11th Cir. 2020). Under diversity jurisdiction, they can hear civil actions between diverse citizens where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Under federal question jurisdiction, they can hear civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

When defendants challenge subject matter jurisdiction, they do so either facially or factually. Fed. R. Civ. P. 12(b)(1); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When presented with one, the district court accepts the complaint's allegations as true and determines if they sufficiently allege jurisdiction. *Id.*; *Lawrence*, 919 F.2d at 1529. Factual attacks are different. They "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.* (citation modified). As such, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of [the] jurisdictional claims." *Id.* (citation modified).

Federal courts have adopted a "standard" for district courts to follow when presented with factual attacks: where they implicate an element of the cause of action, the district court *generally* must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* However, the court can dismiss on subject matter jurisdiction grounds "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776 (1946). Claims are "wholly insubstantial and frivolous" where they have "no plausible foundation." *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998).

At the outset, we note that our Court has seemingly never determined whether federal courts lack *diversity* jurisdiction where the claims are frivolous; our cases on the matter concern only *federal question* jurisdiction. *See, e.g.*, *id.* at 1350; *see also Bell*, 327 U.S. at 679, 66 S. Ct. at 774. Shaikh, however, makes no argument that the District Court failed to consider his diversity jurisdiction allegation or that the District Court improperly denied diversity jurisdiction based on its conclusion that his claims were frivolous. We, therefore, will not address the issue ourselves. We treat Shaikh's claim of diversity jurisdiction as abandoned. *See United States v. Jernigan,* 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that appellants must, "[a]t the very least, . . . devote a discrete, substantial portion of his argumentation" to the issue they wish to appeal, otherwise the issue is abandoned).

Here, the media companies argued that there was no subject matter jurisdiction because Shaikh's claims were "wholly insubstantial and frivolous." This was a factual attack on subject matter jurisdiction, and it was excepted from the general requirement that courts must find jurisdiction and treat the attack as one on the merits. The Court therefore properly considered the arguments on subject matter jurisdiction grounds. And it properly dismissed the complaint.

Shaikh's allegations—that various media companies are watching him and reading his thoughts via hidden cameras and "clandestine" mind-reading technology "never before seen in the history of mankind" all for the purposes of "content creation," "news production," and "psychological torture"—were utterly divorced from reality. They had no plausible foundation and were clearly frivolous. There was no federal question jurisdiction for the Court to hear the case.[4]

---

[4] Shaikh specifically argued that, in ruling on the motions to dismiss, the Court (1) erroneously adopted the Magistrate Judge's inaccurate findings of fact and (2) erroneously failed to consider the forensic report and agency relationship documents that he had filed. We reject both arguments. First, the Magistrate Judge did not make findings of fact; he simply gave a summary of the allegations Shaikh made. Second, though courts "*may* consider" undisputed documents that are central to the plaintiff's claims when ruling on a motion to dismiss, *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) (emphasis added), Shaikh provides no cases showing that they *must* consider them. As such, even assuming the documents met the prerequisites for consideration, Shaikh does not show that the Court was required to consider them. We also reject Shaikh's arguments that the Court erred by failing to address the merits

### III.

We affirm the District Court's dismissal of Shaikh's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**

---

of his ECPA claim when it dismissed the case and by denying his Rule 11 motion against Disney without providing any discussion or analysis. For "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). All it can do is "announc[e] the fact [that it has no subject matter jurisdiction] and dismiss[] the cause." *Id.* (citation modified).